JOHN S. TAYLOR et al., Respondents, *v.* THOMAS HOPPER, Appellant.

(Submitted June 24, 1875 ; decided September 21, 1875.)

THIS action was brought to compel defendant to remove a barn from a strip of land over which plaintiffs claimed a right of way.  (Reported below, 2 Hun, 646.)

Plaintiff was the owner of a piece of land in the village of Walden, which he caused to be laid out in lots, streets and avenues, and a map thereof to be made, showing the lots by numbers and the streets by names.  One of these was John street.  He contracted to sell, and did convey to plaintiff and one Barlow certain of said lots, referring in the description to the map, giving the numbers of the lots, and mentioning John street, the deed, by its terms, conveying to the center thereof.  At the time of the execution of the contracts and deeds, defendant had a barn at one end of John street, preventing egress into another street.  This barn was shown upon the map.  It did not appear that the public authorities had ever accepted John street as a public way.  Barlow conveyed his interest to plaintiffs.  *Held*, that while plaintiffs could not maintain their action on the ground of dedication of John street to the public use, yet they had a right of way over the piece of land marked on the map as such street (*Cox* v. *James*, 45 N. Y., 557; *Bissell* v. *N. Y. C. R. R.*, 23 id., 61; *Perrin* v. *N. Y. C. R. R.*, 36 id., 120;

*Hills* v. *Miller*, 3 Paige, 254; *Trustees* v. *Cowen*, 4 id., 510; *Child* v. *Chappell*, 9 N. Y., 246); that, as between the parties, it was dedicated by the grantor as a street, and the language of the deed was a covenant that it should always remain open as such; such right of use has become an easement annexed to plaintiff's estate; that plaintiff had a right to a street open at both ends as it appeared upon the map, and might compel the opening thereof, and the removal of obstructions (*Badeau* v. *Mead*, 14 Barb., 328; *Fonda* v. *Borst*, 2 Keyes, 48, distinguished); that this right was not affected by the fact that the barn was marked upon the map, as the use of the map was to show the contemplated changes and improvements, and the vendees purchased with the expectation of the changes indicated, and that all obstructions would be removed.

After the conveyance above stated, defendant conveyed to one of the plaintiffs a lot adjoining that portion of John street upon which was the barn in question. The deed reserved to the grantor the use of "twelve feet six inches along the south side of said lot as long as the barn stands there, and if the barn is removed, the line is to be the center of the street." *Held*, that however this reservation might affect the rights of the grantee, as to the premises conveyed, it could not vary the rights of the grantees under the former deed.

Plaintiff gave evidence of a parol agreement, on the part of defendant, to remove the barn. This was objected to, and received under objection. This the Special Term found was an inducement for the sale of the lots. *Held*, that the reception of this evidence could not have been prejudicial, as it did not vary the rights of the grantees under the deed.

*Cassedy & Brown* for the appellant.

*B. R. Champion* for the respondents.

FOLGER, J., reads for affirmance.
All concur.
Judgment affirmed.