CLEMENCE B. BLOOMFIELD, PLAINTIFF, *v.* STEPHEN A. KETCHAM, DEFENDANT.

*Dedication of land as a street — power of executors, having a power of sale, to dedicate land to the public use by the description used in conveying adjoining land.*

Executors acting under a power of sale, but not holding the title to the land, conveyed two parcels thereof, describing one as "beginning at the south-easterly corner of Sixty-seventh street and the Third avenue, and running thence easterly along the southerly side of Sixty-seventh street;" and the other as "beginning at the north-easterly corner of Sixty-seventh street and the Third avenue, and running thence easterly along the northerly side of Sixty-seventh street." On a map of the city of New York, made in 1811, a street, designated Sixty-seventh street, was laid down over the land in question; but such street was never opened or used, nor did any owner of the land consent to its being laid out.

*Held,* that as it did not appear that the map was made by the owner of the land, and as the executors had no interest in the land but only a naked power over it, that the owners of the lots conveyed by the executors as aforesaid had no right or easement in the land referred to as Sixty-seventh street.

CASE agreed upon in a controversy submitted without action.

Clemence B. Bloomfield claims to recover of Stephen A. Ketcham the sum of $1,000, and Stephen A. Ketcham resists the said claim.

The following are the facts upon which the said controversy depends:

Smith Bloomfield died on the 11th day of May, 1865, being the owner in fee simple of the property in question which formed a part of a large tract of land owned by him at the time of his death. His title was perfect and at the time of his death there were no liens or incumbrances or servitudes upon the property, but said Smith Bloomfield was entitled to the absolute and exclusive ownership and possession thereof.

Said Smith Bloomfield left a last will and testament, which was duly admitted to probate as a will of real and personal estate, whereby he devised an equal fifteenth part or share of this property to the above-named Clemence B. Bloomfield.

In said will the said Smith Bloomfield empowered his executors to sell his real estate.

The words in which said power was given are as follows:

"*Eleventh.* I do authorize and empower my executors hereinafter named, or such of them as may take upon themselves the burden of executing this my will, and the survivors and survivor of them, for the purpose of dividing my estate, or otherwise, to sell all or any part of real estate not hereinabove specifically devised at public or private sale, for cash or upon credit, and upon such sale to execute all deeds or conveyances necessary to carry such sale into effect, which sale so to be made shall be an effectual bar against any claim to the property so sold, by any person or persons claiming through or under me."

There is no other provision in the will in any way increasing or altering the power as conferred by the language set out above. On the 1st day of February, 1866, the executors of said will (having duly qualified) executed a conveyance in fee in the usual form used by executors, whereby they conveyed the property described therein. In describing said property in said deed said executors used the following words: "Beginning at the north-easterly corner of Sixty-seventh street and the Third avenue, and running thence easterly along the northerly side of Sixty-seventh street." Said property was also described as lying "between Sixty-seventh and Sixty-eighth streets." Said executors on the same day also executed a certain other conveyance in fee, in the usual form, of certain other of said property, whereby they conveyed the property described therein. In describing such property in said deed the said executors used the following words: "Beginning at the south-easterly corner of Sixty-seventh street and the Third avenue, and running thence easterly along the southerly side of Sixty-seventh street." Said property was also described as lying "between Sixty-sixth and Sixty-seventh streets."

There were no other references in said deeds to Sixty-seventh street. The lands conveyed by the above deeds front on the Third avenue, and there is ample access to them from said Third avenue.

The property in question lies between the two pieces of property sold by said executors, as above set forth, and consists of a plot of land 100 feet deep by sixty feet in width, fronting on Third avenue, and on the map of the city of New York, made in the year 1811, a street is laid out in such a manner as to embrace the property in

question. This street is called Sixty-seventh street on such map. Said Sixty-seventh street has never been opened as a street over the property in question, nor has said property ever been used as such. Nor have the owners of the fee, to wit, the devisees of Smith Bloomfield, or said Smith Bloomfield himself, ever consented or agreed that the said property should be used as a street.

After the death of said Smith Bloomfield, and after the above conveyances by his executors, the said Clemence B. Bloomfield agreed with said Stephen A. Ketcham, in writing under her hand and seal by her duly authorized attorney, to sell and convey an equal fifteenth part or share of said property, covenanting to convey the same free and clear of all incumbrances, servitudes or easements, and to give a title as full, absolute and exclusive as said Smith Bloomfield had at the time of his death, and to execute a valid deed therefor. A valid deed of said property has been duly tendered by said Clemence B. Bloomfield to said Ketcham, but said Ketcham declines to comply with said agreement upon the ground that the executors by referring to Sixty-seventh street have dedicated the same as a street, and, therefore, the property in question, coming as it does within the lines of said street as laid down on said map, has been itself dedicated to the public use and is, therefore, burdened with a very grievous servitude, to wit, a public right of way.

None of the admissions herein contained are in anywise to affect either party, or to be regarded as made except for the purpose of this submission of this controversy.

The question submitted to the court upon this case is as follows :

Did the executors of Smith Bloomfield by describing the property conveyed by them in the two deeds above mentioned, in the manner above set forth, dedicate the property in question as a street, or give to the purchasers named in said deeds any right to have the same maintained as a street, or give said purchasers any right to use the same as a street as against the owners of the fee, to wit, the devisees of said Smith Bloomfield.

*F. E. & A. Blackwell*, for the plaintiff.

*Charles Benner*, for the defendant.

DYKMAN, J. :

This is a submission of a controversy upon admitted facts. The plaintiff claims to recover $1,000 from the defendant, for her interest in a lot of land in the city of New York, which he has agreed to purchase. The case states that the lot was owned by Smith Bloomfield in his life time, and that he died in the year 1865, leaving a last will and testament, which has been proved, by which he devised the equal fifteenth part of this lot to the plaintiff. The executors had power of sale under the will, and in the execution of it, on the 1st day of February, 1866, they conveyed a lot of land by a description commencing as follows : "Beginning at the north-easterly corner of Sixty-seventh street and the Third avenue, and running thence easterly along the northerly side of Sixty-seventh street." On the same day the executors conveyed another lot of land by a description commencing as follows : "Beginning at the south-easterly corner of Sixty-seventh street and the Third avenue, and running thence easterly along the southerly side of Sixty-seventh street." These lots both front on Third avenue, and the lot in question lies between them, and is 100 feet deep and sixty feet front on Third avenue. On a map of the city made in 1811, a street is laid down over this lot called Sixty-seventh street, but it never was opened ; no owner of the land ever consented that there should be a street there.

The defendant has agreed, by writing, to purchase the interest of the plaintiff in this lot, and she has tendered him an executed deed of conveyance therefor, which he refused to accept because the grantees, in the two conveyances above mentioned, have acquired the right to the use of Sixty-seventh street as an open way, and the question submitted is : Did the executors of Smith Bloomfield, by describing the property conveyed by them in the two deeds mentioned, in manner described, dedicate the property in question as a street or give to the purchasers any right to have the same maintained as a street, or give said purchasers any right to use the same as a street, as against the owners of the fee under the devise in the will of Smith Bloomfield ? It may be observed at the outset, that this lot did not pass as an appurtenant to the lots granted by the executors for the reason that it never was so used.

Where the owner of land lays it off in lots and plots and inter-

sects it with streets and avenues, and makes conveyances of the lots in which the streets and avenues are designated as boundaries, the use thereof, as between the parties to the grant, becomes an easement annexed to the estate granted, and the grantees acquire the right to have the same remain open for their use. (*Taylor* v. *Hopper*, 62 N. Y., 649.)

In this case several essential elements are wanting to bring it within this rule of law. We may assume, although it is not stated, that the map mentioned in the statement was not made by an owner of this land, as it was a map of the city of New York, and there is, therefore, the entire absence of action by the owner evincing any disposition to set apart this lot for a street.

In the next place the conveyances of the lots on the northerly and southerly sides of the lot in question, in which the street is named as a boundary, were not made by the owner or owners of this lot and their estates therein cannot be prejudiced or diminished thereby.

As we understand the statement, the executors took no interest in this land under the will, but merely a naked power, in trust, the title being all the while vested in the devisees under the will, of which the plaintiff is one.

It was competent for these devisees to convey this property and thus extinguish the power of the executors to convey the same. (*Prentice* v. *Janssen*, 79 N. Y., 478.) But even though this was not done, it was beyond the scope of the executors' power to create incidental rights or easements therein.

Our conclusion is that the ownership of the plaintiff to the undivided fifteenth part of this lot of land is complete and unimpaired, and that she should be permitted a recovery in this action.

Judgment for the plaintiff, with costs.

Gilbert, J., concurred; Barnard, P. J., dissented.

Judgment for plaintiff upon submitted case, with costs.