MARGARET A. TIBBITS, APPELLANT, *v.* PERRY T. CUMBERSON, WILLIAM H. ALBRO AND EUGENE T. PREUDHOMME, EXECUTORS, ETC., OF STEPHEN A. MARTINE, DECEASED, AND WILLIAM H. ALBRO, INDIVIDUALLY, RESPONDENTS.

*Division of land into lots on a map made by the owner thereof—rights of purchasers of lots by deeds referring to such map—when purchasers from his executors may compel them to open the streets as shown on the map.*

One Martine, being the owner of a tract of land bounded on three sides by public roads, caused a map thereof to be made, in which the land was divided into lots by what were designated and named thereon as streets. By his will in devising land to his wife he referred to the streets so laid down on this map as intended to be opened. His executors, who were empowered to sell his real estate at public or private sale, sold lots at a public auction sale in accordance with a map, copies of which had been printed by them and which were displayed and distributed at the sale, which referred to the numbers and streets appearing thereon. At that time a portion of the said streets had been opened and used, while the remaining portion had not at that time been, nor have they since that time been opened or used. The plaintiff purchased a lot on what was called Grand street, between what was called Martine avenue and an unnamed street laid down on the said map. In this action she sought to have that portion of Grand street, on the block beyond the lot so purchased by him, which appeared on the map to extend across and from the said unnamed street to a road called New York Post road, opened and used as a street.

*Held,* that she was entitled to the relief sought.

APPEAL from a judgment, entered upon the trial of this action at a Special Term held in Westchester county, dismissing the plaintiff's complaint, with costs.

The action was brought by the plaintiff to establish and enforce her right of way over a strip of land designated as "Grand street" on a map of which the following is a copy: .

County Grounds.

MARTINE AVENUE.

7

8

TIBBITS.

5

TIBBITS.

6

GROVE STREET.

STREET.

STREET.

9

GRAND

COURT

10

11

NEW YORK POST ROAD.

PEREMPTORY SALE
OF
VALUABLE REAL ESTATE,
In the Village of White Plains,
TO CLOSE AN ESTATE.

The Executors of the Will of STEPHEN A. MARTINE, deceased, will sell at Public Auction, on the premises at White Plains, on the 22d day of June, 1880, at eleven o'clock in the forenoon, the seventeen lots or parcels designated as above. Ten per cent of the purchase-money and Auctioneer's fees to be paid at the time of sale; forty per cent on the 22d day of July, 1880, at the office of CLOSE & ROBINSON, in White Plains, and the remainder being fifty per cent on bond and mortgage. Should it be stormy, on the next fair day.

WILLIAM H. ALBRO, } *Executors.*
E. T. PREUDHOMME, }

*May* 6, 1880.

The right of way was claimed over Grand street as laid down on said map from the unnamed street crossing the same to the highway designated on said map as the "New York Post road," plaintiff also sought to compel the removal of all obstructions to the exercise of such right of way.

The premises owned by the plaintiff are shown on the map on the corner of Grand and the unnamed street and on the east side of Grand street between Martine avenue and the unnamed street. Grand street was at the time of the sale and is still open from the unnamed street northward. It is the extension of Grand street southward to the "Post road," over which the plaintiff claims the right of way. The whole tract of land bounded by Martine avenue, the New York Post road, Court street and Grove street, was owned by Stephen A. Martine in his lifetime and at the time of his death, which occurred in January, 1876. In 1872 a map of the property was made under his direction similar to the one here given by O. A. Hyatt, surveyor. On this map Grand street is laid down sixty-six feet in width, extending from Martine avene to the Post road. By his will Mr. Martine gave to his wife, for her use during life, his dwelling-house and appurtenances, and the plot of land surrounding the same, which he describes as "bounded as follows: Southerly by the White Plains Post road (the New York Post road was so designated on his first map); northerly by a street laid down upon a survey of my property in the village of White Plains, made by O. A. Hyatt, surveyor, dated March, 1872, which street on said survey is laid out at a distance of 100 feet northerly of the carriage house; easterly by a line in continuation of Court street as laid down in said survey, and westerly by a line in continuation of Grand street, as laid down in said survey." He authorized his executors to sell the said premises during the life of his wife, if she should so request, and directed that upon her death the said premises, or the proceeds thereof, if so sold, should be disposed of in the same manner as his residuary estate. After other provisions in favor of his wife, not material to this action, he ordered and directed his executors to sell and dispose of all the remainder of his estate, both real and personal, at public or private sale, as they might deem fit, and to give good and sufficient deeds for the conveyance of the real estate, the proceeds to be divided

amongst his then living issue.   In 1880 the executors prepared for a sale of all this property, except the homestead plot then occupied by the widow, and employed A. R. Stainach, another surveyor, to make a map for that purpose.   The sale was made by the executors on or about June 22, 1880, at public auction.   It had been previously advertised by posting lithographed copies of the map made by Stainach, and such copies were also displayed and distributed at the sale.   The map here given is a copy of this map, except that the premises now owned by the plaintiff are shown thereon.   The plaintiff's agent was present at this sale and purchased for her plots 16 and 17 on this map.   All the rest of the property, except the homestead plot was sold to the defendant, Cumberson, and was afterwards conveyed to him by the executors by deed. This property so sold to Cumberson was thereafter placed by him in the hands of an agent for sale, with instructions to sell by the map, and through sales so made by said agent the plaintiff became the owner of the land on Grand street described in the complaint.

   *Clarence L. Westcott*, for the appellant.

   *Close & Robinson*, for the respondents.

BARNARD, P. J.:

   This case is similar in principle to that of *Taylor* v. *Hopper* (62 N. Y., 649).   In that case an owner of lands had made a map and filed it, in and by which a tract of land was laid out in lots.   He sold by the streets and numbers indicated by the map. The streets were opened in part only.   On one of the paper streets the old frame barn and yard were situated, and the grantor refused to open the street through it.   The court adjudged that the street be opened after a certain fixed time, and that judgment was affirmed in the Court of Appeals.   In this case, the map was made by one Martine who owned the tract represented on it.   Martine died, and in his will recognized the map lines as a boundary in a bequest to his wife.   By the will, the executors had full power of sale given in respect to testator's lands.   The executors made a public auction of the lands according to the map filed, and this called for Grand street to be an open street between what is called Railroad avenue and the New York Post road.   That part of Grand

street between what is termed "an unnamed street" on the map and the New York Post road had and has never been opened. At the sale, the plaintiff bought two lots on one of the map streets, and subsequently purchased of the defendant Cumberson two other lots on Grand street. Cumberson bought of the executors of Martine. Both deeds were governed by the maps in the description of the land. By these purchases, the plaintiff was entitled to have the streets opened as laid down upon the map, not as public highways, for the road authorities of the town can alone make them such by acceptation, but as open streets and ways according to the terms of the purchase, and as a right incident to the purchase. The map binds the grantor to carry out the plan he proposed and under which he sold. It is not to be determined as if lands were sold which had no access to a public highway, and when a way of necessity is to govern, but as a thing of covenant, and a covenant by means of which the grantor induced purchasers to buy his lands. The executors who sold are bound to carry out the scheme. They had power given them, and they sold by the testator's maps, and there is no reason why they should not be bound in respect to the road as their testator would have been. The defendant Cumberson bought by the map and sold by the map, and he is bound by it. (*Matter of Eleventh Avenue*, 81 N. Y., 436.)

The judgment should be reversed and a new trial granted, costs to abide event.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.