SARAH C. H. SCRIPTURE, Respondent, v. FANNY MORRIS and Others, Defendants.

WILLIAM H. GOOD, Purchaser, Appellant.

*Purchaser at a judicial sale — when the title to a lot bounded on a street, which by legislative act is moved ten feet after its conveyance by the original owner, is not marketable — effect of the owner's having made conveyances of other lots referring to the street.*

After the execution of a deed, which described the premises conveyed by a reference to a certain map and the numbers thereon as bounded westerly by a certain avenue, and which provided "said avenues to be and to remain open as public highways, reserving, nevertheless, to. the said Gilbert S. Thatford (the grantor) the right to enter upon, regulate and grade said avenue or any part thereof," the avenue was, in pursuance of an act of the Legislature, moved bodily ten feet westerly, so that a strip ten feet in width was added to the front of the premises and an equal portion taken from the rear, and a new map was filed showing such change. By subsequent conveyances, each of which described the premises with reference to the first map, and one of which contained the clause, "said avenue to be open and to remain open as a public highway," the title to the premises was vested in one Ellis, who executed deeds conveying the premises to one Joseph Morris by a description evidently referring to the second map. Subsequently Morris conveyed the premises under the same description to Fanny Morris and the latter executed a mortgage thereon. During the time of these conveyances Thatford made conveyances of several other lots, the descriptions in which referred to the first map.

In an action to foreclose the mortgage executed by Fanny Morris, it was

*Held,* that a purchaser at a sale had under a judgment therein should not be compelled to take title, as it appeared that various grantees had or might claim the easement or right of way over the ten-foot strip of the former highway, which was added to the front of the premises as it was delineated upon the original map.

APPEAL by William H. Good, the purchaser at a foreclosure sale had in the above-entitled action, from an order of the Supreme Court, made at the Kings County Special Term on the 9th day of January, 1899, granting the plaintiff's motion to compel him to complete his purchase.

The action was brought to foreclose a mortgage executed by Fanny Morris upon the lots referred to in the opinion.

*Robert H. Wilson,* for the purchaser, appellant.

*Frank G. Wild,* for the respondent.

GOODRICH, P. J.:

There is no dispute in the moving papers as to the essential facts upon which this appeal must be decided.

Gilbert S. Thatford, in 1867, being the owner of a large tract of land in the town of New Lots, made and filed in the office of the register of the county of Kings a map of the same, upon which were laid down several streets, and among them Thatford avenue. The map is called map No. 1, and contained 156 lots, and among them the premises in question, designated as lots Nos. 76 and 77. These lots were each 25 feet by 100 feet, and fronted on Thatford avenue. In 1869 Thatford conveyed these two lots by a warranty deed which described them by a reference to the map and by the numbers thereon. The boundaries were also described as follows: " Said lots, taken together, being bounded northerly by lots numbers 75 and 148 upon said map; easterly by Williamson avenue; southerly by lots numbers 78 and 145, and westerly by Rockaway avenue; said lots being each twenty-five feet in width in front and rear by one hundred feet in depth on each side. Said avenues to be and to remain open as public highways, reserving, nevertheless, to the said Gilbert S. Thatford the right to enter upon, regulate and grade said avenue or any part thereof." Several conveyances were subsequently made, by the last of which the title vested in William H. Ellis. Each of the conveyances described the lots by reference to the first map. One had a clause added to the description, " said avenue (Thatford) to be open and to remain open as a public highway."

In 1869 an act was passed (Chap. 670) appointing commissioners to lay out a plan for streets in New Lots and other towns in the county of Kings, and in pursuance of that act a new plan of streets was adopted by which Thatford avenue, continuing to be as before a street sixty feet in width, was moved bodily ten feet westerly of its former position, so that a strip of the street ten feet in width was added to the front of the lots and an equal portion cut from the rear. A new map, called map No. 2 and showing this change, was filed in the register's office in 1872. The new or changed street is of the same width as the old street or avenue, and the dimensions of the two lots are the same as before. This map also shows that a twenty-five feet lot, which was situated between the premises in

question and an unnamed avenue on the first map, was thrown into a street now called Sutter avenue, so that the two lots are now at the corner of Thatford and Sutter avenues.

In August and December, 1890, Ellis, by two deeds, conveyed the lots to Joseph Morris, by a reference to a map, No. 3, which is not in the record, but as the description is of two lots at the corner of Thatford and Sutter avenues, it evidently refers to the premises as laid down on map No. 2.

In July, 1893, Morris conveyed to Fanny Morris, and she executed the mortgage which was the subject of the foreclosure action. The description is of the two lots at the corner of Thatford and Sutter avenues.

During the time of these conveyances, Thatford made conveyances of several other lots on the east side of Rockaway avenue, in the vicinity of the lots in question, the descriptions in which refer to map No. 1. Thus it appears that, while the conveyances to several parties referred to land bounded by Thatford avenue as originally laid out on map No. 1, the purchaser is now ordered to take title under the judgment to premises which include a street in which various grantees have or may claim an easement or right of way over a strip of it ten feet in width along Thatford avenue.

We think this situation is controlled by the decision of the Court of Appeals in *Haight* v. *Littlefield* (147 N. Y. 338, 341, 342), a case almost exactly analogous to the present one, where the court held: " This conveyance and the others referred to with the maps bounding the premises upon a street secured to the plaintiffs an easement or right of way in the strip of land so delineated, described and recognized. Whether it was then a public street or not, this easement or right of way was attached as an appurtenance to the land conveyed, and part of the thing granted, and thereupon the plaintiffs acquired the right to insist at all times that the way be kept open and unobstructed for the benefit of their premises and as a means of access to and from the same. It is a property right, the destruction or invasion of which constitutes a ground of relief in equity. Irrespective of the rights of the public in a public street, the owners of lots bounded upon a street have, under the circumstances disclosed, a right of way as between themselves and their grantor."

This court announced a similar doctrine in *Nicklas* v. *Keller* (9 App. Div. 216), following the case last cited.

It is authoritatively settled that a purchaser at a judicial sale will not be compelled to accept a doubtful title, or the hazard of a contest with other parties, which will seriously affect the value of the property. (*Argall* v. *Raynor*, 20 Hun, 267; *Jordan* v. *Poillon*, 77 N. Y. 518.)

We think that under these authorities the order should be reversed, with costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.