### KERRIGAN v. BACKUS et al.

### SAME v. VANDERVEER et al.

(Supreme Court, Appellate Division, Second Department. February 15, 1902.)

VENDOR AND PURCHASER—CONTRACTS TO CONVEY—INCUMBRANCES.

Where an owner of land lays it out in lots, with intersecting streets, records maps thereof, and sells lots with reference to such streets, a contract to convey a tract free from all incumbrance of streets and rights of way thereover is not complied with when streets as projected on such maps will intersect such tract, though the streets have been only partially opened as projected, and the grantees of lots abutting thereon have access over the streets as laid out to their lots, since such grantees may insist that the streets be opened for their full length.

Appeal from special term, Kings county.

Consolidated actions by George E. Kerrigan against Phebe S. Backus and others, and by the same plaintiff against John S. Vander-

veer and another. From two several judgments in favor of plaintiff, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

George M. Baker, for appellants.

Edward M. Grout, for respondent.

JENKS, J. These are two actions to recover partial payments made upon contracts for the sale of land and the expenses upon the title. The plaintiff complains by his amended pleadings that the defendants failed to convey, in accord with the terms of the contract, the realty in fee simple, free from all incumbrances, for the reason that the property then was and still is charged with the maintenance and subject to all of the rights and easements of the public and of various and numerous grantees in six certain streets running through the same, which in 1852 and in 1888 were dedicated to be used as streets, and ever since have been, and still can only be, used as such streets, and for no other purpose. The defendants deny any breach of contracts, deny that there is any such incumbrance, allege breach by the plaintiff's assignor upon defendants' offer to perform, and demand judgment that the complaint be dismissed, standing upon their legal right to retain the money paid on account of the contracts. Under such contracts the plaintiff was not compelled to take title which did not promise peace, but rather involved the possibility of defensive litigation. In Vought v. Williams, 120 N. Y. 253, 24 N. E. 195, it is held that the title must be "marketable," "free from incumbrances and defects," and that "a marketable title is said to be one that is free from reasonable doubt." See, too, Kilpatrick v. Barron, 125 N. Y. 751, 26 N. E. 925; Reynolds v. Cleary, 61 Hun, 590, 16 N. Y. Supp. 421; Stevenson v. Fox, 40 App. Div. 354, 358, 57 N. Y. Supp. 1094. The question, then, in this case is whether, in view of the contracts, the defendants met their obligation by offering a title which was free from reasonable doubt. If they did not, then I think the plaintiff is entitled to judgment in the actions. Zorn v. McParland, 11 Misc. Rep. 555, 32 N. Y. Supp. 770, affirmed 155 N. Y. 684, 50 N. E. 1123; Scripture v. Morris, 38 App. Div. 377, 56 N. Y. Supp. 476, affirmed 159 N. Y. 534, 53 N. E. 1132.

The defendants in one action are the executors of Isaac W. Vanderveer, deceased, and in the other action are the heirs at law of Vanderveer's wife. The said executors are made defendants for the reason that they have a limited power of sale over a part of the tract of land, but the actual defendants in the second action are also the real defendants in the first action. The two actions were tried together before the court without a jury, and it was determined that the two parcels originally formed one tract, owned by Isaac W. Vanderveer; that the two contracts were made at the same time, admittedly were intended to effect a single purpose, and that it was not intended that one part of the said tract should be bought by the plaintiff apart from the other. I think that such determination is correct in view of the admission made at the trial by the learned coun-

sel for the defendants. Oscanyan v. Arms Co., 103 U. S. 263, 26 L. Ed. 539; Goodman v. Guarantee Co., 17 App. Div. 474, 480, 45 N. Y. Supp. 508. Therefore in this discussion I shall regard the realty which is the subject of the two contracts as a single tract of land. The question presented may be more clearly understood by reference to the diagram annexed:

A represents the parcel referred to in the Backus action. B represents the parcel referred to in the Vanderveer action. C represents a plot excepted from the contracts. D,D, represents a strip of land to be used as streets, also excepted. The strip D running north and south is known as "Vanderveer Place," and the strip D running east and west is called "Elm Place." The continuation of D, D, north and west, respectively, by the dotted lines, shows the extent of those streets as laid down upon certain maps.

The special term (Rich, J., presiding) stated in its decision that the property was contracted to be sold in gross, free from any incumbrance by reason of streets or rights of way thereover, but that Isaac W. Vanderveer during his lifetime made and filed or adopted certain maps which were filed, whereon were shown various streets or proposed streets crossing the said tract of land, which streets or proposed streets are four in number, as shown by the said map, and that all of the streets or proposed streets cross the larger portion of the tract described in the Vanderveer suit; and that at various and many times during his lifetime Isaac W. Vanderveer, by deeds in which his wife, Frances W. Vanderveer, joined, she being the separate owner of the smaller portion, conveyed property abutting on

two of said streets or proposed streets; one being the street marked or named as "Elm Place," crossing the tract from east to west, and the other being the street marked or named "Vanderveer Place," which is the easterly of the three streets crossing the tract from north to south. Such deeds referred to the maps made or filed, and named such streets. And the learned court thereupon decided that the purchasers of lots on said Elm and Vanderveer places acquired a right of passage or right of way over said places, and the right to have the same kept open and maintained for such purposes, and that while neither said Elm place nor Vanderveer place crossed the smaller portion of the tract described in the Backus action, yet, as such tract was sold with, and intended to be a part of, the same purchase with the larger tract, plaintiff is entitled to the same relief as in the Vanderveer case. In 1852 a map of "Woodville Center property, situated in the town of Jamaica, surveyed and laid out into a village plot, building lots, blocks, and sections of 10 to 20 lots each, belonging to Isaac W. Vanderveer, Charles Porter," etc., was made. The map showed Vanderveer place extending through the tract in question. In 1888 a revised map was made, which showed this entire tract laid out into blocks and into building lots of land with streets laid down throughout the tract corresponding to Vanderveer place and Elm place, and with two other streets running parallel with the street now called "Vanderveer Place" through the said tract shown by the diagram. In 1889 Vanderveer and his wife conveyed the plot marked "C" to Backus by reference to this map of 1888, last mentioned, bounding and describing the premises as follows:

"Beginning at the northwesterly corner of Fulton avenue and Napier avenue, as shown by the said map, and running from thence northerly along the westerly side or line of Napier avenue five hundred feet to the southerly line or side of a street or avenue laid down on the said map, but not named; thence westerly along the southerly line or side of the said street or avenue two hundred feet to the easterly side of another street or avenue laid down on the map, but not named thereon; thence southerly along the easterly line or side of the street or avenue last above mentioned five hundred feet to the northerly line or side of Fulton avenue; and thence easterly along the northerly line or side of Fulton avenue two hundred feet to the point or place of beginning,—being a part of the farm of the said Isaac W. Vanderveer."

The "unnamed streets" are Vanderveer place and Elm place, respectively. Backus made a map of this block, showing Elm place and Vanderveer place as continuous streets, and thereafter conveyed several lots therein. So much of said streets D, D, as bound the said block marked "C" were actually made into streets. In 1889, by reference to the map of 1888, and by description, the Vanderveers conveyed a plot bounded by Fulton and Napier avenues and Vanderveer place.

I think that the judgment may be affirmed upon the ground that the grantee of the land marked "C" on the diagram had, as appurtenant to such land, as against his grantors, the easement to have Vanderveer place and Elm place, through this tract in question, kept open as laid down upon the map or maps. Backus, the said grantee, as an individual, is not a party to either suit, nor has any personal

deed or release been offered by him, nor does it appear that
any deed or release of his grantees has been tendered to the plain-
tiff. Indeed, in March, 1901, Backus made and filed a map showing
both Vanderveer place and Elm place as continuing streets.

In Lord v. Atkins, 138 N. Y. 184, 191, 33 N. E. 1035, 1037, the
court, per O'Brien, J., say:

"It is well settled that when the owner of land lays it out into distinct
lots, with intersecting streets or avenues, and sells the lots with reference
to such streets, his grantees or successors cannot afterwards be deprived
of the benefit of having such streets kept open. When, in such a case, a
lot is sold bounded by a street, the purchaser and his grantees have an
easement in the street for the purpose of access, which is a property right.
Story Case, 90 N. Y. 145, 43 Am. Rep. 146; Trustees, etc., v. Cowen, 4
Paige, 510, 27 Am. Dec. 80; Wyman v. Mayor, etc., 11 Wend. 487; Bissell
v. Railroad Co., 23 N. Y. 61; Bank v. Nichols, 64 N. Y. 65; Taylor v. Hopper,
62 N. Y. 649; Huttemeier v. Albro, 18 N. Y. 48."

In Haight v. Littlefield, 147 N. Y. 338, 343, 41 N. E. 696, 698, the
court say:

"One who acquires title by deed to an easement appurtenant to land has
the same right of property therein as he has to the land. He may insist
upon its use whenever occasion requires, and it is ordinarily no answer to
his claim to urge that his rights under the deed are more extensive than he
had any reason to expect from the situation existing at the time it was
made. The right conveyed can be defeated only by showing that it has
been waived or lost in some of the ways recognized by law. Welsh v.
Taylor, 134 N. Y. 450, 31 N. E. 896, 18 L. R. A. 535."

The learned counsel for the appellant points out that there is evi-
dence that the intention of the grantors was not to create such ease-
ments. But in Bissell v. Railroad Co., supra, at page 65, the court
say:

"The question in each case becomes one of presumed intention arising
upon the conveyance itself, and I am not able to perceive how it is possible
to deduce a different intention in one case from that which the law has
settled shall be inferred in the other."

See, too, Wiggins v. McCleary, 49 N. Y. 346; Dill. Mun. Corp.
(4th Ed.) § 636. Thus there was before the court a question of fact
as to the intent.

The appellant, without questioning the principle enunciated in
Lord v. Atkins, supra, insists that "the point involved in the case
at bar is the extent or length, as it were, of this easement of access";
and his contention is that Fulton and Napier avenues, in connection
with the streets D, D, as actually laid out, afford all rights of access
which the law warrants, and that the grantee of C is not afforded any
other easements and consequently he has no rights whatever as to
D, D, as projected streets, extending respectively through the said
tract. In Tibbits v. Cumberson, 39 Hun, 456, the general term of
this department said that the question between grantor and grantee
was "not to be determined as if lands were sold which had no access
to a public highway, and when a way of necessity is to govern, but
as a thing of covenant, and a covenant by means of which the
grantor induced purchasers to buy his lands." After the owner, in
accord with the purpose declared on the map of 1852, laid out his
tract of about 32 acres of land into blocks and building lots, divided

off by streets, it ceased to be mere rural land with access by paths or roads. And when conveyances were made therefrom by reference to such topography and to that of subsequent maps made (or adopted by the grantor, as in Village of Olean v. Steyner, 135 N. Y. 341, 345, 32 N. E. 9, 17 L. R. A. 640) of similar character, there is much authority that the grantee of lands within that tract abutting upon the streets had the right to insist that, as between him and his grantor, such streets should remain to their full width and to their full extent as projected upon the maps, and that such easement is not satisfied by affording mere necessary access in but one direction to the nearest highway in that quarter. Tibbits v. Cumberson, supra; Taylor v. Hopper, supra; Clark v. City of Elizabeth, 40 N. J. Law, 172; Dodge v. Railroad Co., 43 N. J. Eq. 351, 11 Atl. 751; White v. Oil Co., 50 N. J. Eq. 1, 25 Atl. 199; Rowan's Ex'rs v. Town of Portland, 8 B. Mon. 232, per Marshall, C. J., approved as a full discussion in Morgan v. Railroad Co., 96 U. S. 716, 723, 24 L. Ed. 743; City of Indianapolis v. Kingsbury, 101 Ind. 200, 51 Am. Rep. 749; In re Pearl Street, 111 Pa. 565, 5 Atl. 430; Wolfe v. Town of Sullivan, 133 Ind. 331, 334, 32 N. E. 1017; In re Sixty-Seventh Street, 60 How. Prac. 264, per Daniels, J.; In re Eleventh Avenue, 81 N. Y. 436, 446; Harrison v. Pike, 4 Civic Law B. 156; City of Eureka v. Armstrong, 83 Cal. 623, 22 Pac. 928, 23 Pac. 1085; In re Adams, 141 N. Y. 297, 299, 300, 36 N. E. 318; Johnson v. Association, 47 Hun, 374, 376; Jones, Easem. § 241. Taylor v. Hopper, supra, cited in Lord v. Atkins, supra, is directly against the contention of the appellant. Examination of the appellant's brief in the court of appeals in Taylor v. Hopper, filed in the Law Library in Brooklyn, shows that the counsel made the specific point (similar to that now made in the case at bar) that the retention of the barn did not deprive the plaintiffs of a free passage to and from their lands, contending that, as this passage might be had on the other end of the street, and toward the depot, and then to the village of Walden, such right was all the law gave to the plaintiffs; citing Badeau v. Mead, 14 Barb. 328; Fonda v. Borst. *41 N. Y. 48. But the court of appeals said:

"As between the parties, it was dedicated by the grantor as a street, and the language of the deed was a covenant that it should always remain open as such; such right of use has become an easement annexed to the plaintiff's estate, that plaintiff had a right to a street open at both ends as it appeared upon the map, and might compel the opening thereof and the removal of obstructions (Badeau v. Mead, 14 Barb. 328; Fonda v. Borst, *41 N. Y. 48,—distinguished); that this right was not affected by the fact that the barn was marked upon the map, as the use of the map was to show the contemplated changes and improvements, and the vendees purchased with the expectation of the changes indicated, and that all obstructions would be removed."

In addition to Taylor v. Hopper, supra, and Tibbits v. Cumberson, supra, and the other authorities heretofore cited, the courts have specifically denied the limitation of the doctrine to mere necessity in Smyles v. Hastings, 22 N. Y. 217, 222, and Cox v. James, 45 N. Y. 557, 562.

The learned counsel for the appellant criticizes the respondent's citation of the rule laid down in Elliott on Roads and Streets, at sec-

tion 120, saying that this case falls within the last sentence quoted, inasmuch as the author cites a New York authority for the exception noted. This is true. What Bronson, J., said in that case (In re Thirty-Ninth Street, 1 Hill, 191), is this:

"I do not say that this dedication will extend to all his lands on the site of the street, however remote from the lots sold, but I think it will extend to all his lands in the same block; or, in other words, to the next cross street or avenue on each side of the lots sold. The parties must have contemplated an outlet both ways."

It is to be noted that the court did not decide the proposition advanced by the appellant. But, taking what it did decide, does it not make for the respondent? As to the lots sold on Vanderveer place, between Fulton avenue and Elm place, the cross streets on each side of the lots sold would be Fulton avenue and Elm place continued as it was laid out. It is not a cross street so long as it forms a cul-de-sac. As to the lots sold on Elm place, the same is true as to Vanderveer place. While it is not essential that a highway should be a thoroughfare (People v. Kingman, 24 N. Y. 559), yet Vanderveer place and Elm place cannot be termed "cross streets" unless they respectfully intersect their relative streets.

The learned counsel for the appellant with much industry and ability has collated some decisions which require notice. Story v. Railroad Co., 90 N. Y. 122, 43 Am. Rep. 146, is cited with reference to page 145, 90 N. Y. The court there, referring to the extent of the easement, says, "speaking generally," that it was to have the street kept open so that from it access may be had to the lot. It is not discussing the question up in this case. It does not attempt to define access. It does not limit such access to necessary access. On the other hand, in support of the general principle it cites on the previous page two cases: Wyman v. Mayor, etc., 11 Wend. 487; Trustees, etc., v. Cowen, 4 Paige, 510, 27 Am. Dec. 80. But in the former case the court held, as per headnote:

"Such right of way is not limited to the owner or owners of lots immediately bounding on the street in question, but extends to every purchaser from the original proprietor of lots in the same tract."

And the latter case, relating to a public square, is against the appellant. It was cited in White v. Oil Co., supra. Neither Lord v. Atkins, supra, nor In re Adams, supra, sustains the limitation contended for, unless it is to be implied that access means only necessary access, which is satisfied by access in one direction. In Underwood v. Stuyvesant, 19 Johns. 181, 10 Am. Dec. 215, the streets planned were accompanied by an explanatory note saying that none had been approved and opened by the corporation, and they were, therefore, to be considered subject to such future arrangements as the corporation might make. The local authorities absolutely disregarded the plan, and made a different one. Both this limitation and action of vis major were largely considered in the opinion. This case was distinguished upon somewhat similar grounds in White v. Flannigain, 1 Md., at page 542, 54 Am. Dec. 668. In Badeau v. Mead, supra, the court speaks of "roads," and seems to confine its express holding to rural property. Pages 336, 337. See, too, the discussion as to

city streets at page 338. Badeau v. Mead is distinguished in Taylor v. Hopper, which, as I have said, seems to be a direct authority in the case at bar. In Re Brook Avenue, 40 App. Div. 519, 58 N. Y. Supp. 163, Brook was not mentioned as an existing street, or as about to become such. It was described merely as an avenue laid out by the municipal authorities, while the land conveyed fronted upon a public street which afforded access. The court expressly say:

"In the cases cited in which the grant of an easement has been implied, there was either an existing street or highway upon which the premises conveyed abutted, which furnished a means of access to the property granted, or the parties, by the conveyance, had treated streets or avenues laid out upon the city map as existing streets or avenues, or from some existing condition an intention to grant a right in the street could be presumed. The facts as here presented establish, we think, that no such intention existed."

In Hier v. Railway Co., 40 Hun, 310, affirmed 109 N. Y. 659, 17 N. E. 867, the main question was whether an obstruction by a railroad legalized by the state and city authorities was too remote to cause the plaintiff substantial damage. It is true that in the course of its opinion the court say that the plaintiff did not acquire any interest by reason of the description contained in his deed and Green's map. But they further say: "The conveyance does not purport to give any right in or to the street or along its course. Wheeler v. Clark, 58 N. Y. 267, 271, 272." Turning to Wheeler v. Clark, we find that the road in that case was legally discontinued as a public highway by legislative acts, and the court decided the case upon the conclusion that the clause of the deeds could not be construed to reserve the right as against public necessity and authority. The citation is applicable to the Hier Case, because there the obstruction of the street was directly authorized by the state and by the city itself. Marshall v. Wenninger, 23 App. Div. 275, 48 N. Y. Supp. 229, affirmed 163 N. Y. 579, 57 N. E. 1117, is a decision upon the intent as shown by the facts of that case. The lots fronted upon an avenue which led to a public highway or road, and the locus in quo was a "terrace," or, as the court termed it, "an alley," intended merely for furnishing access, light, and air only to the rear of certain other lots.

The judgment should be affirmed, with costs. All concur.