ANDREW S. WHEELER, Appellant, v. JOHN CLARK, Respondent.

A right of way by prescription over lands formerly part of a public high-way which has been discontinued, cannot be based upon their user prior to the discontinuance, as in order to give such right the user must be while all persons concerned in the estate are free from disability to resist it.

One S., owning certain lands bounded by the center of a public highway, divided the same into lots, and filed a map thereof showing said high-way and various other streets; four of said lots he conveyed by numbers, and by metes and bounds; the deed also contained a clause in substance, conveying also all the lands forming the streets in front of said lots to the center thereof, "subject to the use of said land by all the owners of lots laid down on said map, and by the public generally as public streets," said streets to be opened and remain open accordingly. Three of said lots now owned by defendant were conveyed by deed containing the same clause. *Held*, that the clause could not be construed as intending to reserve a private right of way over the land occupied by said highway, or any right additional to that of the public, the same simply being sub-ject to public necessity and authority; and that therefore, upon the dis-continuance of said highway, defendant was entitled to occupy the land to the center thereof, and plaintiff, the owner of the other lot, was not entitled to a right of way over the same.

(Argued June 11, 1874; decided September 22, 1874.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming

a judgment of the City Court of Brooklyn in favor of defendant, entered upon the decision of the judge at Special Term.

This action was brought to restrain defendant from erecting buildings upon a portion of his premises over which plaintiff claimed a right of way.

Plaintiff was the owner of one, and defendant of three lots, in the city of Brooklyn; their titles were derived from a common source. Prior to 1836, one Edward Sandford owned a piece of land including the lots in question, which was bounded upon an ancient highway, known as the Cripplebush road. He caused the same to be laid out into lots, and filed a map thereof, known as "the Garrett Nostrand farm map," showing said highway and various streets and avenues. In 1836, he conveyed the four lots in question, all fronting on said highway, by the lot numbers as shown on said map, and by metes and bounds, to one John B. Crook; the deed also contained this clause: "And also the land forming the streets, avenues and roads adjoining and in front of the said lots to the middle of such streets, avenues and roads and subject to the use of said land by all the owners of lots laid down on said map and by the public generally as public streets, avenues and roads, and the said streets, avenues and roads to be opened and remain open accordingly." These lots were conveyed to different parties, but in 1839 the titles thereto became vested in one Thomas B. Hand. In 1845, Hand conveyed the lots now owned by defendant, the deed containing the same clause above quoted. The deed to defendant, given in 1865, did not contain said clause.

By an act of the legislature, passed April 23, 1835 (chap. 132, Laws of 1835), commissioners were appointed to lay out streets, avenues and squares, in the city of Brooklyn, and were authorized, among other things, to close or direct to be closed any street, highway, etc., within a specified territory, theretofore laid out and which had not been approved by the mayor and common council of the city. The said Cripplebush road was never approved by the mayor and common council of the city of Brooklyn. The

commissioners made a report by which it was declared that the Cripplebush road should be closed as a public highway whenever Nostrand avenue, as laid down on the city map, was open and fit for travel from De Kalb avenue to Flushing avenue in said city. Subsequently, by an act of the legislature passed February 28th, 1839 (chap. 41, Laws of 1839), it was enacted that the proceedings of the said commissioners and the several maps made by the said commissioners should be confirmed and were declared valid and effectual to all intents and purposes whatsoever, and that the same and all and every of them should be so held, taken and considered in all courts of law and equity of this State.

Nostrand avenue had been opened, graded and paved and fit for travel from De Kalb avenue to Flushing avenue, before the commencement of this action. Defendant closed so much of the old Cripplebush road as lies in front of the lots owned by him, and commenced the construction of buildings thereon, covering the whole road bed.

*A. H. Osborn* for the appellant. Plaintiff's possession and acts of ownership for more than forty years, would conclude the State, even if the road had been laid out and opened under the Dutch government. (*Kent* v. *Waite*, 10 Pick., 138.) The failure of the mayor and common council to approve of the road could not divest the owners of any right of way they might have therein. (Wash. on Ease., 170.) The use of the road was given to the public, subject to an easement. (*Child* v. *Chappel*, 9 N. Y., 257, 258.) If the reservation in the deed amounts to nothing, his right by prescription still remains. (*Smyles* v. *Hastings*, 22 N. Y., 224; 3 Kent's Com. [10th ed.], 551; 2 Wash. on R. P., 25, 28, 33; *Kent* v. *Waite*, 10 Pick., 138; *Melvin* v. *Whitney*, 13 id., 184; *Atkins* v. *Boardman*, 20 id., 291; *Hazard* v. *Robinson*, 3 Mason, 272; *Hills* v. *Miller*, 3 Paige, 254; *Miller* v. *Garlock*, 8 Barb., 153; *Jewett* v. *Jewett*, 16 id., 150; *Child* v. *Chappel*, 9 N. Y., 255.)

*Jesse Johnson* for the respondent. Plaintiff can recover only on the strength of his own title; the burden of proof is with him. (*Dunham* v. *Williams*, 37 N. Y., 251.) Plaintiff has not a way of necessity over defendant's land. (2 Wash. on R. P., 31 [m. p.]; Wash. on Ease., 162.) Plaintiff cannot claim this right of way by prescription. (2 Black. Com., chap. 17, 264; 2 Wash. on R. P., 42–45.) The Cripplebush road was effectually closed by legislative act. (Laws of 1835, 136; Laws of 1839, 36.) The constitutional right of the legislature to close a highway cannot be doubted. (*Garritson* v. *Clark*, H. & D. Supp., 162; *Carris* v. *Comrs. of Waterloo*, 2 Hill, 443; *In re John and Cherry Streets*, 19 Wend., 659; *Comm.* v. *Tucker*, 2 Pick., 44; *Smith* v. *City of Boston*, 7 Cush., 254; *Perry* v. *Inhabs. of Sherborn*, 11 id., 388.)

CHURCH, Ch. J. It cannot be and is not seriously claimed, but that the Cripplebush road was legally discontinued as a public highway, under and by virtue of the legislative acts of 1835 and 1839. The findings of the referee, which are abundantly supported by the evidence, are conclusive upon this point. The plaintiff claims, however, that he is entitled to a private right of way over that portion of the old road in front of the defendant's premises, and extending to the center; and he predicates this right upon two grounds, viz., by prescription and by grant, or a reservation in the nature of a grant. The answer to a claim by prescription is, that there could not be the requisite user under an adverse claim of right against the owner. The rule is, that in order to give a user this effect, it must be "while all persons concerned in the estate, in or out of which it is derived, are free from disability to resist it, and are seized of the same in fee, and in possession during the requisite period." (2 Wash. Real Property, 42.) That the defendant was powerless to resist the use of the road by the plaintiff while it was a public highway is obvious; and it continued such highway down to a short period prior to the commencement of this action.

The material facts as to other ground are: That in 1835,

one Sandford owned the four lots now owned by the plaintiff and defendant, and conveyed the same by numbers, and also by metes and bounds, by a deed containing this clause: "And also the land forming the streets, avenues and roads adjoining and in front of the said lots, to the middle of such streets, avenues and roads, and subject to the use of said land, by all the owners of lots laid down on said map, and by the public generally, as public streets, avenues and roads, and the said streets, avenues and roads to be opened and remain open accordingly." Subsequently, one Hand became vested with the title to all the lots, but from different sources, and in 1845 conveyed the three lots owned by the defendant, by deed containing the same clause above specified; and the defendant, through several intermediate conveyances, in 1865 received a deed of these lots, describing them by metes and bounds, and extending to the center of the "old Cripplebush road." In 1864, Hand conveyed one lot to the plaintiff by metes and bounds. Neither the deed to the plaintiff nor defendant contained any limitation to the use of the premises, or any reference to the clause above quoted.

Without discussing the legal effect which the clause above quoted might have upon the claim of the plaintiff to a private right of way over the defendant's land, if such right was clearly embraced in it, we think it cannot properly be construed as intending to reserve any such right. The language upon which the claim is based follows the transfer of the fee in the streets to the grantee, and was, doubtless, intended to guard against any liability in consequence of such use of the streets by the public, and such is its fair import. The owners of the lots and the public were to have the same rights, which were to use them *as public streets, avenues and roads*, and they were to be kept open *accordingly*, that is as public streets. There is no intimation in the language of any right additional to that of the public, or that any of the parties would possess any after the streets ceased to be used by the public. We must presume that those interested understood that they held subject to public necessity and authority. If

not, it is remarkable that a different purpose was not in some form expressed; and it is significant, that both these parties received conveyances which did not contain a word upon this subject. At that time, this old road was virtually closed as a public highway, by authority of law, the actual closing only being delayed until Nostrand avenue should be open and fit for travel. The parties are presumed to have received their deeds with this knowledge, and if the plaintiff supposed that he was entitled to an easement, which his grantor could convey, it would have been natural that he should have required some mention of it, instead of relying upon a conveyance with a general description.

However this may be, we concur with the General and Special Terms, that a proper construction of the clause in question confers no such right as the plaintiff claims.

The judgment must be affirmed.

All concur.

Judgment affirmed.