(83 App. Div. 430.)

## In re EAST 142D ST.

(Supreme Court, Appellate Division, First Department. May 22, 1903.)

1. PLATS—DEDICATION OF STREETS—RIGHT OF WAY OF NECESSITY—RIGHTS OF LOT OWNERS.

The owner of property filed a map thereof, which stated that the streets and avenues designated thereon were shown for convenience in description only, and not with the intent of dedicating the same to public use. After the conveyance of certain blocks as shown on said map, the owner ·executed a declaration to the effect that the indorsement on the map was not intended to restrict the free use of said streets and avenues by the grantee of said blocks, his heirs and assigns, for the purpose of access and egress to and from any of the lots designated on the map ·or mentioned in the deed. Held, that the declaration gave lot owners, purchasers from such grantee, a right of necessity over the street on which their lots abutted, so far as to enable them to reach the next open ·street, but that they acquired no easements over other streets designated on the map.

2. SAME—ESTOPPEL—COMPENSATION.

A right of way of necessity, based on an estoppel, is not an interest or right in land which would entitle the one having it to compensation where such right of way is taken for a public street.

Van Brunt, P. J., and Laughlin, J., dissenting.

In the matter of the application of the mayor, etc., relative to ac-quiring title to lands for the purpose of opening East 142d street.

Appeal from order confirming report of commissioners· of estimate and assessment. Affirmed.

On or about the 27th day of August, 1880, Samuel E. Lyon, being then the owner of a tract of land including the premises in question, filed a map thereof, showing the same intersected by streets crossing each other at·right angles, and thereon designated, amongst others, by the names of Mary street and Robbins avenue. East 142d street, to open which this proceeding is taken, coincides with the lines of Mary street as laid out on this map. ·Upon this map was indorsed the following inscription in the handwriting of Mr. Lyon: "The streets and avenues designated on this map are shown thereon for convenience in description only, and not with the intent of dedicating the same to public use. Dated, New York, August 27, 1880." After the filing of this map, Mr. Lyon conveyed to one Heintze a portion of the premises shown upon the said map. This deed was dated October 12, 1880, and recorded on the same day in the register's office in the city and county of New York. The property conveyed by said deed was described therein as blocks 1, 2, 3, and 4 on the map filed as above mentioned. These blocks are shown on the map. Each block is in this deed described separately. The point of commencement in each case is a designated corner of the intersecting streets which bound the lot, and the description runs in each case along the side of the bounding street. At the end of the description follows the statement: "Streets and avenues shown on said map and mentioned herein being shown thereon and referred to herein for convenience of description only, and not with intent to convey the same or dedicate the same to public use." After this deed, and on the 3d of February, 1882, Mr. Lyon executed a declaration, in which, after referring to the deed to Heintze, above mentioned, he declares that the language thereof, which is quoted above in relation to the streets and avenues shown on the said map, "was not intended to restrict the free and uninterrupted use of said streets and avenues by the said Heintze or his grantees, heirs, executors, administrators or assigns, for the purpose of access and egress to and from any one of said building lots designated on said map or mentioned in said deed. But the said John George Heintze, his grantees, heirs, executors, administrators or assigns, were intended by me to have and enjoy free and uninterrupted access over and upon said streets and avenues. I make this declaration at the request of Vernon and Hill, attorneys for Amelia T. Whitson, who is about to loan money to said John George Heintze to be secured by bond and mortgage on the two lots and buildings on the northeast corner of said Division avenue and Robbins avenue." After the execution of this instrument by Lyon, Mr. Heintze conveyed some of the lots which he had bought from Lyon to various persons. None of the said lots, however, face upon Mary street, which is coincident with 142d street, as has been before mentioned. And on the 24th day of August, 1883, Heintze reconveyed to Lyon block 2, block 3, block 4, and certain designated lots in block 1; the lots so designated and conveyed including the whole of the front on Mary street, between Concord and Robbins avenues, and a depth of 100 feet on Concord avenue, and about 150 feet on Robbins avenue. This deed uses the same descriptions, as to blocks 2, 3, and 4, . which were contained in the deed from Lyon to Heintze, and at the end of the description is the same clause in relation to the streets or avenues being referred to for convenience, and not with intent to dedicate. The commissioners in this proceeding awarded to Mr. Lyon's estate the full value, as estimated by them, of the land taken for the opening of the street.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

John L. Dunn, for appellant.
David B. Ogden, for estate of Lyon, respondent.
Edward M. Scudder, for H. W. Dana, respondent.

O'BRIEN, J. The single question presented upon this appeal is whether the land in the bed of what was formerly known as Mary street, now known as East 142d street, was burdened with private easements in favor of the grantees of Heintze, who purchased lots on adjoining streets, which were shown on the Lyon map. The contention of the city is that all of the grantees of Heintze are entitled to easements over all the lots included within the streets bounding the block in which their lots are situated, as well as over all the streets shown on the Lyon map, to their full extent. It is to be noticed that there is here no question as to the public dedication of these streets; and it is also conceded that, in the conveyance made by Lyon to Heintze, the latter obtained four blocks of building lots bounded by the streets and avenues shown on the map mentioned in the deed, without any title to the fee of such streets and avenues. This was followed by a declaration, made at the request of certain attorneys for the mortgagee, who was to loan money to Heintze, secured by a bond and mortgage on some of the property, wherein it is stated that the language in the Heintze deed with respect to the streets referred to them "for convenience of description only, and not with intent to convey the same or dedicate the same to the public use," and "was not intended to restrict the free and uninterrupted use of said streets and avenues by the said Heintze or his grantees * * * for the purpose of access and egress to and from any one of said building lots designated on said map. * * * But the said John George Heintze, his grantees, * * * were intended by me to have and enjoy free and uninterrupted access over and upon said streets and avenues." The commissioners, in considering the effect of this declaration, fell into an error of fact, in assuming that Lyon, when he conveyed to Heintze, had not retained the fee in the streets; and, upon this assumption, they concluded that Lyon could in no way affect the title of Heintze or his grantees by any declaration made after parting with the title. Though their reasons may have been based upon an erroneous assumption, it remains to be determined whether their conclusion was right, and this necessarily depends upon the effect and construction of the Lyon declaration.

Prior to the execution of that paper, it is doubtful if Heintze obtained or could convey to his grantees any right or easement whatever in the streets or avenues appearing upon the map. Lyon, having reserved the title to the streets, could unquestionably thereafter, by grant to Heintze and his grantees, have conferred upon them, and each of them, an unrestricted right or easement over some or all of the streets appearing upon the map. He did not, however, undertake to convey by grant any rights to Heintze or his grantees, but, at the request of the attorneys representing the one who was to loan money to Heintze, the declaration was made; and, while it does not reach the dignity of a conveyance or grant, it would, by way of estoppel, inure to the benefit of all those who relied upon it. It remains, however, to determine the extent of the rights acquired by virtue of such estoppel, and as to whether, in addition to the undoubted right which the grantees from Heintze obtained to the free

and uninterrupted use of the streets in front of the lots bought by them, they obtained an equal right in all other streets and avenues appearing upon the map.

Considering the language of the declaration, an argument could undoubtedly be built up in favor of the view that the easements which the lot owner acquired were not to be restricted to the streets upon which his lot abutted, but that he was entitled, as well, to passage over all the other streets shown on the Lyon map. But notwithstanding such general language, we think there are two controlling reasons in favor of construing this declaration into one which gave to the lot owners a right of necessity over the street upon which their lots abutted, so far as to enable them to reach the next open street, but that they acquired no easements over other streets designated on the Lyon map. One of these two, and the principal one, to which we have already adverted, is the fact that there was no grant to Heintze or those who succeeded him, but that the declaration worked in favor of the lot owners, and against Lyon, an estoppel to an extent commensurate with the use and enjoyment of their property, which included the right of ingress and egress over the streets in front thereof, and so far as the next open street. As was said in Hier v. N. Y., W. S. & B. R. Co., 40 Hun, 314, affirmed in 109 N. Y. 659, 17 N. E. 867, wherein a similar question was presented, having reference to facts somewhat analogous to those here appearing:

"But we are of the opinion that the plaintiff acquired no interest in Olive street, beyond the general public (except a way of necessity), by reason of the description contained in his deed and reference to Green's map. The conveyance does not purport to give any right in or to the street or along its course. Wheeler v. Clark, 58 N. Y. 267, 271, 272. Nor would an easement pass as an appurtenant, unless it were directly necessary to the enjoyment of the estate granted. A mere convenience is not enough to create a right or easement."

The second reason which we think controlling is that any rights which the lot owners may have acquired by the estoppel are in no way to be diminished because, as the result of the proceedings, it is proposed to take the land appearing on the map for public streets, over which the lot owners will have free access; and, besides, none of them is here asserting any rights to any portion of the award which is to be made for the land taken for the streets. And if we assume that they are represented by the city, the latter, on their behalf, could only ask for a deduction from the full value of the land taken of such amount as would be proper to pay for easements which the abutting owners may have in and over the land taken. In our view, however, a right of way of necessity, based upon an estoppel, is not an interest or right in land which would entitle the one having it to be compensated. It is a "mere convenience," and "not enough to create a right or easement."

We think, therefore, that the report of the commissioners was right, and that the order confirming it should be affirmed, with costs. All concur, except VAN BRUNT, P. J., and LAUGHLIN, J., who dissent.