GEORGE E. KERRIGAN, Respondent, *v.* PHEBE S. BACKUS and Others, Appellants.

GEORGE E. KERRIGAN, Respondent, *v.* JOHN S. VANDERVEER and JOHN E. BACKUS, as Executors, etc., of ISAAC W. VANDERVEER, Deceased, Appellants.

*Contract for the sale of land — marketable title — land described with reference to streets on a map — the right in the streets extends beyond the parts bounding the land conveyed.*

A vendee in a contract for the sale of land is entitled to a marketable title, that is, one which is free from reasonable doubt and which does not involve the possibility of defensive litigation.

One Vanderveer, the owner of a plot of land in the town of Jamaica, subdivided the same into building lots and filed a map thereof delineating two streets, one running north and south and the other running east and west, as intersecting each other and running across the entire plot. Thereafter he conveyed a portion of the plot to one Backus by a deed which described the property conveyed as being bounded on the north and the west by the two streets as laid out

on the map. Backus made a map of the plot conveyed to him, showing the streets by which his premises were bounded as extending through the entire Vanderveer tract, and conveyed several lots therein. So much of the streets laid down on the Vanderveer map as bounded the plot conveyed to Backus were actually made into streets. Subsequently Vanderveer's successors in title contracted to convey free from incumbrances the entire tract with the exception of the plot conveyed to Backus and those portions of the streets laid out on the Vanderveer map which bounded such plot.

*Held*, that the vendees could not convey a marketable title to the land;

That Backus had, as appurtenant to the land conveyed to him, the right as against his grantors to have the streets laid out upon the map kept open to the extent indicated thereon, notwithstanding that the portions of the streets which bounded the plot conveyed to him were sufficient to afford him and his grantees access to other highways.

APPEAL by the defendants, Phebe S. Backus and others, from a judgment of the Supreme Court in favor of the plaintiff in the first above-entitled action, entered in the office of the clerk of the county of Kings on the 5th day of July, 1901, upon the decision of the court rendered after a trial before the court without a jury at the Kings County Trial Term.

Also, an appeal by the defendants, John S. Vanderveer and another, as executors, etc., of Isaac W. Vanderveer, deceased, from a judgment of the Supreme Court in favor of the plaintiff in the second above-entitled action, entered in the office of the clerk of the county of Kings on the 5th day of July, 1901, upon the decision of the court rendered after a trial before the court without a jury at the Kings County Trial Term.

*George M. Baker* and *William E. Goodge,* for the appellants.

*Edward M. Grout,* for the respondent.

JENKS, J.:

These are two actions to recover partial payments made upon contracts for the sale of land and the expenses upon the examination of the title. The plaintiff complains by his amended pleadings that the defendants failed to convey, in accord with the terms of the contract, the realty in fee simple, free from all incumbrances, for the reason that the property then was and still is charged with the maintenance and subject to all of the rights and easements of the public and of

various and numerous grantees in six certain streets running through the same, which in 1852 and in 1888 were dedicated to be used as streets, and ever since have been and still can only be used as such streets, and for no other purpose. The defendants deny any breach of contracts, deny that there is any such incumbrance, allege breach by the plaintiff's assignor upon defendants' offer to perform, and demand judgment that the complaint be dismissed, standing upon their legal right to retain the money paid on account of the contracts. Under such contracts, the plaintiff was not compelled to take title which did not promise peace, but rather involved the possibility of defensive litigation. In *Vought* v. *Williams* (120 N. Y. 253) it is held that the title must be "marketable," "free from incumbrances and defects, and that "a marketable title is one that is free from reasonable doubt." (See, too, *Kilpatrick* v. *Barron*, 125 N. Y. 751; *Reynolds* v. *Cleary*, 61 Hun, 590; *Stevenson* v. *Fox*, 40 App. Div. 354, 358.) The question, then, in this case is whether, in view of the contracts, the defendants met their obligation by offering a title which was free from reasonable doubt. If they did not, then I think the plaintiff is entitled to judgment in the actions. (*Zorn* v. *McParland*, 11 Misc. Rep. 555; affd., 155 N. Y. 684; *Scripture* v. *Morris*, 38 App. Div. 377; affd., 159 N. Y. 534.)

The defendants in one action are the executors of Isaac W. Vanderveer, deceased, and in the other action are the heirs at law of Vanderveer's wife. The said executors are made defendants for the reason that they have a limited power of sale over a part of the tract of land, but the actual defendants in the first action are also the real defendants in the second action. The two actions were tried together before the court without a jury, and it was determined that the two parcels originally formed one tract, owned by Isaac W. Vanderveer; that the two contracts were made at the same time, admittedly were intended to effect a single purpose, and that it was not intended that one part of the said tract should be bought by the plaintiff apart from the other. I think that such determination is correct in view of the admission made at the trial by the learned counsel for the defendants. (*Oscanyan* v. *Arms Co.*, 103 U. S. 263; *Goodman* v. *Mercantile Credit Co.*, 17 App. Div. 474, 480.) Therefore, in this discussion I shall regard the realty which is the

subject of the two contracts as a single tract of land. The question presented may be more clearly understood by reference to the diagram annexed:

JAMAICA AVENUE.

A represents the parcel referred to in the Backus action. B represents the parcel referred to in the Vanderveer action. C represents a plot excepted from the contracts. DD represents a strip of land to be used as streets, also excepted. The strip D running north and south is known as Vanderveer place, and the strip D running east and west is called Elm place. The continuation of DD north

and west respectively, by the dotted lines, shows the extent of those streets as laid down upon certain maps.

The Special Term (RICH, J., presiding) stated in its decision that the property was contracted to be sold in gross free from any incumbrance by reason of streets or rights of way thereover, but that Isaac W. Vanderveer during his lifetime made and filed or adopted certain maps, which were filed, whereon were shown various streets or proposed streets crossing the said tract of land, which streets or proposed streets are four in number, as shown by the said map, and that all of the streets or proposed streets cross the larger portion of the tract described in the Vanderveer suit. And that at various and many times during his lifetime Isaac W. Vanderveer, by deeds in which his wife, Frances W. Vanderveer, joined, she being the separate owner of the smaller portion, conveyed property abutting on two of said streets or proposed streets, one being the street marked or named as Elm place, crossing the tract from east to west, and the other being the street marked or named Vanderveer place, which is the easterly of the three streets crossing the tract from north to south. Such deeds referred to the maps made or filed, and named such streets. And the learned court thereupon decided that the purchasers of lots on said Elm and Vanderveer places acquired a right of passage or right of way over said places, and the right to have the same kept open and maintained for such purposes, and that while neither said Elm place nor Vanderveer place crossed the smaller portion of the tract described in the Backus action, yet as such tract was sold with and intended to be a part of the same purchase with the larger tract plaintiff is entitled to the same relief as in the Vanderveer case.

In 1852, a map of "Woodville Center Property, situated in the town of Jamaica, * * * surveyed and laid out into a village plot, building lots, blocks and sections of 10 to 20 lots each, * * * belonging to Isaac W. Vanderveer, Charles Porter," etc., was made. The map showed Vanderveer place extending through the tract in question. In 1888, a revised map was made which showed this entire tract laid out into blocks and into building lots of land with streets laid down throughout the tract corresponding to Vanderveer place and Elm place and with two other streets running parallel with the street now called Vanderveer place through the said tract shown by

the diagram. In 1889, Vanderveer and his wife conveyed the plot marked C to Backus by reference to this map of 1888 last mentioned, bounding and describing the premises as follows : "Beginning at the northwesterly corner of Fulton avenue and Napier avenue as shown by the said map, and running from thence northerly along the westerly side or line of Napier avenue five hundred feet to the southerly line or side of a street or avenue laid down on the said map, but not named, thence westerly along the southerly line or side of the said street or avenue two hundred feet to the easterly side of another street or avenue laid down on the map, but not named thereon, thence southerly along the easterly line or side of the street or avenue last above mentioned five hundred feet to the northerly line or side of Fulton avenue and thence easterly along the northerly line or side of Fulton avenue two hundred feet to the point or place of beginning, being a part of the farm of the said Isaac W. Vanderveer." The "unnamed streets" are Elm place and Vanderveer place respectively. Backus made a map of this block, showing Elm place and Vanderveer place as continuous streets, and thereafter conveyed several lots therein. So much of said streets DD as bound the said block marked C were actually made into streets. In 1889, by reference to the map of 1888, and by description, the Vanderveers conveyed a plot bounded by Fulton and Napier avenues and Vanderveer place.

I think that the judgment may be affirmed upon the ground that the grantee of the land marked C on the diagram had, as appurtenant to such land, as against his grantors, the easement to have Vanderveer place and Elm place, through this tract in question, kept open as laid down upon the map or maps.

Backus, the said grantee, as an individual, is not a party to either suit, nor has any personal deed or release been offered by him, nor does it appear that any deed or release of his grantee has been tendered to the plaintiffs. Indeed, in March, 1901, Backus made and filed a map showing both Vanderveer place and Elm place as continuing streets. In *Lord* v. *Atkins* (138 N. Y. 184, 191) the court, per O'BRIEN, J., say : "It is well settled that when the owner of land lays it out into distinct lots, with intersecting streets or avenues, and sells the lots with reference to such streets, his grantees or successors cannot afterwards be deprived of the benefit

of having such streets kept open. When, in such a case, a lot is sold bounded by a street, the purchaser and his grantees have an easement in the street for the purposes of access, which is a property right. (*Story Case*, 90 N. Y. 145; *The Trustees, etc.*, v. *Cowen*, 4 Paige, 510; *Wyman* v. *The Mayor*, 11 Wend. 487; *Bissell* v. *N. Y. C. R. R.*, 23 N. Y. 61; *White's Bank, etc.*, v. *Nichols*, 64 id. 65; *Taylor* v. *Hopper*, 62 id. 649; *Huttemeier* v. *Albro*, 18 id. 48.)" In *Haight* v. *Littlefield* (147 N. Y. 338, 343) the court say: " One who acquires title by deed to an easement appurtenant to land has the same right of property therein as he has to the land. He may insist upon its use whenever occasion requires, and it is ordinarily no answer to his claim to urge that his rights under the deed are more extensive than he had any reason to expect from the situation existing at the time it was made. The right conveyed can be defeated only by showing that it has been waived or lost in some of the ways recognized by law. (*Welsh* v. *Taylor*, 134 N. Y. 450.)"

The learned counsel for the appellant points out that there is evidence that the intention of the grantors was not to create such easements. But in *Bissell* v. *N. Y. C. R. R. Co.*, (*supra*, at p. 65) the court say : " The question in each case becomes one of presumed intention arising upon the conveyance itself, and I am not able to perceive how it is possible to deduce a different intention in one case from that which the law has settled shall be inferred in the other." (See, too, *Wiggins* v. *McCleary*, 49 N. Y. 346; Dillon Mun. Corp. [4th ed.] § 636.) Thus there was before the court a question of fact as to the intent.

The appellant, without questioning the principle enunciated in *Lord* v. *Atkins* (*ut supra*), insists that " the point involved in the cases at bar * * * is the extent or length, as it were, of such easement of access." And his contention is that Fulton and Napier avenues, in connection with the streets DD as actually laid out, afford all rights of access which the law warrants, and that the grantee of C is not afforded any other easements and consequently he has no rights whatever as to DD as projected streets, extending respectively through the said tract. In *Tibbits* v. *Cumberson* (39 Hun, 456) the General Term of this department said that the question between grantor and grantee was " not to be determined as if lands were sold which had no access to a public highway, and when a way

of necessity is to govern, but as a thing of covenant, and a covenant
by means of which the grantor induced purchasers to buy his
lands." After the owner, in accord with the purpose declared
on the map of 1852, laid out his tract of about thirty-two
acres of land into blocks and building lots, divided off by streets,
it ceased to be mere rural land with access by paths or roads.
And when conveyances were made therefrom by reference to
such topography and to that of subsequent maps made (or
adopted by the grantor, *Matter of Village of Olean* v. *Steyner*,
135 N. Y. 341, 345) of similar character, there is much author-
ity that the grantee of lands within that tract abutting upon
the streets had the right to insist that as between him and his
grantor such streets should remain to their full width and to their
full extent as projected upon the maps, and that such easement is
not satisfied by affording mere necessary access in but one direction
to the nearest highway in that quarter. (*Tibbits* v. *Cumberson,*
*supra; Taylor* v. *Hopper, supra; Clark* v. *City of Elizabeth,*
11 Vroom, 172; *Dodge* v. *Pennsylvania R. R. Co.*, 43 N. J. Eq.
351; *White* v. *Tide Water Oil Co.*, 50 id. 1; *Rowan's Executors*
v. *Town of Portland,* 8 B. Mon. [Ky.] 232, per MARSHALL, Ch. J.,
approved as a full discussion in *Morgan* v. *Railroad Co.*, 96 U. S.
716, 723; *City of Indianapolis* v. *Kingsbury,* 101 Ind. 200; *Mat-
ter of Opening of Pearl Street,* 111 Penn. St. 565; *Wolfe* v. *Town
of Sullivan,* 133 Ind. 331, 334; *Matter of Opening Sixty-seventh
Street,* 60 How. Pr. 264, per DANIELS, J.; *Matter of Opening
Eleventh Avenue,* 81 N. Y. 436, 446; *Harrison* v. *Pike's Heirs
& Exrs.,* 4 Wkly. Law Bul. [Ohio] 156; *City of Eureka* v. *Arm-
strong,* 83 Cal. 623; *Matter of Adams,* 141 N. Y. 297, 299,
300; *Johnson* v. *Shelter Island Assn.,* 47 Hun, 374, 376; Jones
Ease. § 241.) *Taylor* v. *Hopper* (*supra*), cited in *Lord* v. *Atkins*
(*supra*), is directly against the contention of the appellant. Exam-
ination of the appellant's brief in the Court of Appeals in *Taylor*
v. *Hopper,* filed in the Law Library in Brooklyn, shows that
the counsel made the specific point (similar to that now made in
the case at bar) that the retention of the barn did not deprive the
plaintiffs of a free passage to and from their lands, contending
that as this passage might be had *on the other end of the street,*
and toward the depot, and then to the village of Walden, such

right was all the law gave to the plaintiffs, citing *Badeau* v. *Mead* (14 Barb. 328); *Fonda* v. *Borst* (2 Keyes, 48). But the Court of Appeals said : " As between the parties, it was dedicated by the grantor as a street, and the language of the deed was a covenant that it should always remain open as such; such right of use has become an easement annexed to plaintiff's estate; that plaintiff had a right to a street open at both ends, as it appeared upon the map, and might compel the opening thereof and the removal of obstructions (*Badeau* v. *Mead*, 14 Barb. 328; *Fonda* v. *Borst*, 2 Keyes, 48, distinguished); that this right was not affected by the fact that the barn was marked upon the map, as the use of the map was to show the contemplated changes and improvements, and the vendees purchased, with the expectation of the changes indicated, and that all obstructions would be removed." In addition to *Taylor* v. *Hopper* (*supra*) and *Tibbits* v. *Cumberson* (*supra*), and the other authorities heretofore cited, the courts have specifically denied the limitation of the doctrine to mere necessity in *Smyles* v. *Hastings* (22 N. Y. 217, 222) and *Cox* v. *James* (45 id. 557, 562).

The learned counsel for the appellant criticizes the respondent's citation of the rule laid down in Elliott on Roads and Streets (2d ed., § 120), saying that this case falls within the last sentence quoted, inasmuch as the author cites a New York authority for the exception noted. This is true. What BRONSON, J., said in that case (*Matter of Twenty-ninth Street, New York*, 1 Hill, 189) is this: " I do not say that this dedication will extend to all his lands in the site of the street, however remote from the lots sold, but it will, I think, extend to all his lands in the same block, or, in other words, to the next cross street or avenue on each side of the lots sold. The parties must have contemplated an outlet both ways." It is to be noted that the court did not decide the proposition advanced by the appellant. But taking what it did decide, does it not make for the respondent? As to the lots sold on Vanderveer place, between Fulton avenue and Elm place, the cross streets on each side of the lots sold would be Fulton avenue and Elm place *continued* as it was laid out. It is not a cross street so long as it forms a *cul de sac.* As to the lots sold on Elm place the same is true as to Vanderveer avenue. While it is not essential that a highway should be

a thoroughfare (*People* v. *Kingman*, 24 N. Y. 559), yet Vanderveer place and Elm place cannot be termed "*cross streets*" unless they respectively intersect their relative streets.

The learned counsel for the appellant with much industry and ability has collated some decisions which require notice. *Story* v. *N. Y. Elevated R. R. Co.* (90 N. Y. 122) is cited with reference to page 146. The court, there referring to the extent of the easement, says, speaking "generally," that it was to have the street kept open so that from it access may be had to the lot. It is not discussing the question up in this case, it does not attempt to define access, it does not limit such access to necessary access. On the other hand, in support of the general principle, it cites on the previous page two cases. (*Wyman* v. *Mayor of N. Y.*, 11 Wend. 487; *Trustees of Watertown* v. *Cowen*, 4 Paige, 510.) But in the former case the court held as per head note: "Such right of way is not limited to the owner or owners of lots *immediately bounding* on the street in question, but extends to every purchaser from the original proprietor of lots in the same tract." And the latter case, relating to a public square, is against the appellant. It was cited in *White* v. *Tide Water Oil Co.* (*supra*). Neither *Lord* v. *Atkins* (*supra*) nor *Matter of Adams* (*supra*) sustains the limitation contended for unless it is to be implied that access means only necessary access, which is satisfied by access in one direction. In *Underwood* v. *Stuyvesant* (19 Johns. 181) the streets planned were accompanied by an explanatory note saying that none had been approved and opened by the corporation, and they were, therefore, to be considered subject to such future arrangements as the corporation might make. The local authorities absolutely disregarded the plan and made a different one. Both this limitation and action of *vis major* were largely considered in the opinion. This case was distinguished upon somewhat similar grounds in *White* v. *Flannigain* (1 Md. 542). In *Badeau* v. *Mead* (*supra*) the court speaks of "*roads*," and seems to confine its express holding to rural property. (Pp. 336, 337.) (See, too, the discussion as to *city streets* at p. 338.) *Badeau* v. *Mead* is distinguished in *Taylor* v. *Hopper*, which, as I have said, seems to be a direct authority in the case at bar. In *Matter of Brook Avenue* (40 App. Div. 519) Brook avenue was not mentioned as an existing street or as about to become

such; it was described merely as an avenue laid out by the municipal authorities, while the land conveyed fronted upon a public street which afforded access. The court expressly say: "In the cases cited in which the grant of an easement has been implied, there was either an existing street or highway upon which the premises conveyed abutted, which furnished a means of access to the property granted, or the parties by the conveyances had treated streets or avenues laid out upon the city map as existing streets or avenues, or from some existing condition an intention to grant a right in the street could be presumed. The facts as here presented establish, we think, that no such intention existed." In *Hier* v. *N. Y., W. S. & B. R. Co.* (40 Hun, 310; affd., 109 N. Y. 659) the main question was whether an obstruction by a railroad legalized by the State and city authorities was too remote to cause the plaintiff substantial damage. It is true that in the course of its opinion the court say that the plaintiff did not acquire any interest by reason of the description contained in his deed and Green's map. But they further say: "The conveyance does not purport to give any right in or to the street or along its course. (*Wheeler* v. *Clark*, 58 N. Y. 267, 271, 272.)" Turning to *Wheeler* v. *Clark*, we find that the road in that case was legally discontinued as a public highway by legislative acts, and the court decided the case upon the conclusion that the clause of the deeds could not be construed to *reserve the right* as against *public necessity and authority.* The citation is applicable to the *Hier* case, because there the obstruction of the street was directly authorized by the State and by the city itself. *Marshall* v. *Wenninger* (23 App. Div. 276; affd., 163 N. Y. 579) is a decision upon the intent as shown by the facts of that case. The lots fronted upon an avenue which led to a public highway or road, and the *locus in quo* was a "terrace," or, as the court termed it, "an alley," intended merely for furnishing access, light and air *only* to the rear of certain other lots.

The judgment should be affirmed, with costs.

All concurred.

Judgments affirmed, with costs in one case, and disbursements in both.