### SPENCER v. LIGHTHOUSE.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1906.)

**1. EASEMENTS—CREATION BY DEED—EXTINGUISHMENT.**

Where an easement in real property was acquired by deed, it could only be extinguished by grant or by adverse possession.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Easements, §§ 72–74.]

**2. COVENANTS—RUNNING WITH LAND—USE OF BUILDING.**

Where the owner of certain land improved by two buildings with a stairway in one of them, by which access was obtained to the upper floors of both buildings, conveyed one of the buildings by a deed which provided that the grantee and his heirs and assigns should have a perpetual right of way to the upper floors of the building by the stairways and halls as then located in the other building, which was thereafter conveyed to another without reference to such easement, after the deed creating the easement had been recorded, such right of way constituted a covenant running with the land, entitling the subsequent grantee of the property to which the easement was appurtenant to a perpetual right of way and use of the stairway and halls.

[Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Covenants, §§ 78–86.]

3. EASEMENTS—RELINQUISHMENT.

Where the owner of certain property was entitled to a perpetual easement in the use of the stairways and halls of an adjoining building, the fact that he paid rent therefor for a number of years, in connection with having the same cleaned by the owner of the property, did not amount to a release or relinquishment of the easement.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Easements, §§ 72–76.]

Appeal from Trial Term, Monroe County.

Action by Hattie J. Spencer against John C. Lighthouse. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

The action was commenced on the 7th day of January, 1904, to procure a determination that the plaintiff is entitled to free and uninterrupted passage through a door leading from the street to and from the building described in the complaint, and through the halls and upon the stairways leading to the upper stories of the same, being the northerly portion of the structure upon the premises, and of which she has a life lease, and to perpetually enjoin the defendant from interfering with her right to such passage and use, and from closing the doorways or openings through the division wall in such structure, through which the plaintiff has access to her building from such hall. The trial court decided that the plaintiff was entitled to practically the relief demanded in the complaint, with certain restrictions, and directed judgment accordingly, from which this appeal is taken.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

S. D. Bentley, for appellant.
George E. Warner, for respondent.

McLENNAN, P. J. The structure which is called or designated in the evidence as two buildings, and which is the subject of this controversy, is located on the west side of State street, in the city of Rochester, N. Y. It practically consists of two buildings, separated from each other by a party or division wall, extending from the ground to the roof, four stories in height. The ground floor is occupied by stores, one upon either side of said party wall. The upper stories on both sides are arranged so as to be occupied by families or lodgers for living rooms. The defendant is the owner of the most southerly of said two buildings, and the plaintiff has a life lease of the other. As these two buildings were constructed, the only means of access to the upper stories was through a door opening from State street into a hall, then by stairways leading to the top story, each starting from a hall extending the entire length of the building. The door opening from State street, such stairways and halls, were located upon or carved out of defendant's building, and wholly south of the party or division wall which separated the structure, and thus constituted the two buildings. Upon each of the floors above the first, doors and openings were made through the party wall, affording access from each hall to plaintiff's building. The structure or the two buildings described in the complaint, and as thus arranged, had been used, as indicated by their manner of construction they might be used, for many years by the respective owners or lessees of each without objection or interruption on the part of the other until shortly before this action was brought, when the

defendant asserted, in effect, that the plaintiff had no right to the use of the halls or stairways referred to, or to the door from State street leading thereto. The plaintiff's right to maintain this action depends almost entirely upon documentary evidence, which is uncontradicted.

It is found by the learned trial court (and there is abundant evidence to sustain the finding) that on or about the 19th day of April, 1870, one Charlotte French, the then owner of the entire premises, and including both buildings, so called, conveyed the northerly portion thereof, and of which the plaintiff has now a life lease, to one John Houghtaling, and in the deed the following appeared:

"The party of the second part (John Houghtaling), his heirs and assigns, shall have the perpetual right of way to the upper stories of said building by the stairways and halls as now located in the south part of said three story brick building, together with the use, in common with the party of the first part, her heirs and assigns, of the water closet, wash stand, cisterns, etc., now or hereafter to be erected on said premises. It is understood that in case the stairs and halls shall be destroyed by fire or otherwise in said building as now located, the same shall be rebuilt by the party of the first part or her assigns; the party of the second part, his heirs and assigns, to pay one-half the expense of the building said stairs."

That deed was duly recorded in the clerk's office of Monroe county on that day. It then appears that thereafter, and on the 28th day of March, 1872, said Charlotte French sold and conveyed to the defendant the southerly portion of said lands described in the complaint, the northerly boundary of which was defined as the center of the party or division wall, to which attention has been called. Such conveyances contained no reference to or reservation of the easements or rights in the building conveyed to the defendant, which had previously been conveyed by deed to John Houghtaling by Charlotte French, their common grantor. However, when such conveyance was made to and accepted by the defendant, the construction and use of the building were as above indicated, and as we have seen Houghtaling's deed had been recorded. On or about the 1st day of June, 1896, Houghtaling sold the premises conveyed to him to one Patrick Fahy by deed dated that day, and recorded on the same day in the clerk's office of Monroe county. That deed contained the same description of the premises as the deed to John Houghtaling, and the same covenants and agreements in respect to the use of said halls and stairways, and in precisely the same language as was contained in the deed to Houghtaling. Thereafter, and on or about the 20th day of September, 1897, said Patrick Fahy, for a valuable consideration, executed and delivered to plaintiff a life lease of the premises so conveyed to him for and during the term of her natural life, which was duly recorded on February 24, 1898. Said life lease did not in terms refer to or describe the use of said halls and stairways described in the deeds to Houghtaling and Fahy, but it demised the land so conveyed to Fahy "with the privileges and appurtenances," and at the time of the execution of such life lease Fahy was using said front door, halls, and stairways precisely as above indicated, and as he was entitled to do by the express terms of the deed to him.

Upon the foregoing facts we can conceive of no theory upon which the plaintiff may be deprived of the use of the halls as specified in the

deed to her grantor. It appears, however, that Houghtaling, to whom Mrs. French, the common grantor, deeded the northerly portion of the premises, with the right to use the halls located upon the southerly half, for a number of years paid rent for the use of said halls, in connection with having the same cleaned, to the defendant, and it is claimed that such action on his part amounted to a release or relinquishment of such easement. The trial court refused to find, notwithstanding that single circumstance, that said Houghtaling did or intended to abandon such easement; and I think such finding would not have been justified by the evidence. No formal agreement to surrender it was proven, and the fact that Houghtaling conveyed such easement to his grantee, Fahy, in the words of the deed to him almost conclusively establishes that he did not understand that he had released the same. The easement in question was acquired by deed, and the rule is that such an easement can only be extinguished by grant or adverse possession. Smyles v. Hastings, 22 N. Y. 217.

In Welsh v. Taylor, 134 N. Y. 450, 31 N. E. 896, 18 L. R. A. 535, the headnote is as follows:

"One who acquires title by deed to an easement appurtenant to land has the same right of property therein as he has in the land, and his title will not be affected by nonuser, unless there is shown against him some adverse possession or loss of title in some of the ways recognized by law."

It is not pretended that any of the acts of Houghtaling which it is claimed amounted to an abandonment of the easement ever came to the knowledge of the plaintiff. His deed, which was duly recorded, showed him the owner of such easement. His conveyance to her grantor, Fahy, which was also recorded, showed that such easement was conveyed precisely as the rest part of the premises, and by her lease she became entitled to enjoy during her natural life the entire interest which Fahy had in said premises. The right to use the halls, etc., was an easement which ran with the land, and was in no sense a license. G. L. & P. J. R. R. Co. v. N. Y. & G. L. R. R. Co., 134 N. Y. 435, 439, 440, 31 N. E. 874; Dexter v. Beard, 130 N. Y. 549, 29 N. E. 983.

These suggestions, we think, answer the main questions presented by this appeal, and upon the merits there can be no doubt but that the judgment is right. It is not too broad in our opinion. Indeed, the court below would have been justified in granting to the plaintiff the right to use said halls, etc., with even fewer restrictions!

The exceptions to which attention is called in appellant's brief do not present error, and certainly not so as to require a reversal. The judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs. All concur.