HEUGHES et al. v. GALUSHA STOVE CO.

(Supreme Court, Appellate Division, Fourth Department. November 13, 1907.)

JURY—RIGHT TO TRIAL BY JURY—ACTION FOR NUISANCE.

    In an action for nuisance, expressly authorized by Code Civ. Proc. § 1660, in which final judgment is demanded according to section 1662, providing for a judgment for plaintiff awarding him damages, or directing the removal of the nuisance, or both, the parties have a right to trial by jury under the express terms of section 968, subd. 2; such an action not being for equitable relief, because praying that "defendant" be directed

to remove the nuisance, and because he could only be proceeded against for failure for contempt, while, under the common law, the sheriff would abate the nuisance, since the writ of nuisance was expressly abolished by Code Proc. § 453, and now, under the express terms of section 1241, the only way to enforce a judgment under section 1662 is by contempt proceedings, no execution being provided for by section 1240, defining what judgments may be enforced by execution.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Jury, §§ 66–78.]

Robson, J., dissenting.

Appeal from Trial Term, Monroe County.

Action by Frederick L. Heughes and another against the Galusha Stove Company. From an order striking the cause from the calendar of the Trial Term on the ground that it was an equitable action for trial at Special Term, plaintiffs appeal. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

C. D. Kiehel, for appellant.
John Van Voorhis' Sons, for respondent.

WILLIAMS, J. The order should be reversed, with $10 costs and disbursements. The action, as shown by the complaint, was for nuisance, under section 1660 of the Code of Civil Procedure. Final judgment was demanded, in accordance with section 1662, for damages and for the removal of the nuisance. No equitable relief was demanded. In such an action the parties have a right to a trial by jury, under subdivision 2, § 968, Code Civ. Proc.

It is said, however, that while an action for nuisance, demanding damages and the removal of the nuisance, is triable by a jury as matter of right, the prayer for relief should not ask that the defendant be directed to remove the nuisance; and, when it does so, it asks for equitable relief, and the right to trial by jury does not exist. The argument is that under the common-law form of judgment, "that the nuisance be abated," the writ of nuisance would be issued to the sheriff and he would abate it; while, under the demand in question, the defendant would be required to abate it, and could only be proceeded against for failure to do so as for contempt. The writ of nuisance was abolished, however, by the Code of Procedure (section 453), and now the only way to enforce the judgment in a nuisance case, rendered under section 1662 of the Code of Civil Procedure, is by contempt proceedings against defendant. No execution is provided for the removal of the nuisance by section 1240, but under section 1241 the judgment is required to be served on the defendant; and, if there is refusal by the defendant to comply therewith, proceedings as for contempt may be maintained. Where the judgment determines that a nuisance is maintained by a defendant, and directs the removal thereof, under section 1662 of the Code of Civil Procedure, we think it is equivalent to saying it should be removed by the defendant. There seem to be no cases where this precise question has been considered, but we think the reasonable and proper rule is as we have stated it;

and in this view no equitable relief is prayed for in the complaint. The case is one for nuisance alone, and the right of trial by jury exists.

Order reversed, with $10 costs and disbursements. All concur, except ROBSON, J., who dissents.