## HEUGHES et al. v. GALUSHA STOVE CO.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1909.)

1. EASEMENTS (§ 37*)—ABANDONMENT—EVIDENCE—QUESTION FOR JURY.

In an action for a nuisance, consisting of the obstruction of an alley over which plaintiffs had an easement, evidence *held* to require submission to the jury of the question whether plaintiffs had lost their right to use the alley by abandonment.

[Ed. Note.—For other cases, see Easements, Dec. Dig. § 37.*]

2. EASEMENTS (§ 30*)—EXTINGUISHMENT—ALLEYS—NONUSER.

Where plaintiffs' right to an easement in an alley lay in grant, and had been available without question for many years, and was a valuable appurtenant to plaintiffs' premises, plaintiffs were not required to use the alley, either frequently or at all, to retain their right thereto.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 77–79; Dec. Dig. § 30.*]

3. EASEMENTS (§ 30*)—ABANDONMENT—WHAT CONSTITUTES.

In order to establish an abandonment of an easement in an alley, there must be definite, unequivocal acts shown, declaratory of a clear purpose to cease forever any use or interest in the way.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 77–79; Dec. Dig. § 30.*]

4. ADVERSE POSSESSION (§ 115*)—RIGHT OF WAY—EXTINGUISHMENT—QUESTION FOR JURY.

In an action to abate a nuisance, consisting of obstructions to a way in which plaintiffs had an easement by deed, whether the easement had been extinguished by defendant's alleged adverse possession *held* for the jury.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 691–701; Dec. Dig. § 115.*]

5. ADVERSE POSSESSION (§ 60*)—EASEMENTS—ELEMENTS.

Where there was common ownership of certain alleys in question, defendant's alleged adverse possession thereof, in order to bar plaintiffs' right, must have been open, unequivocal, continuous, and equivalent to an ouster of the plaintiffs, and must have been such as to be apparent to them that such was the purpose of the user, and incompatible with possession in common with plaintiffs.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 282–314; Dec. Dig. § 60.*]

6. NUISANCE (§ 30*)—ABATEMENT—ACTION—PARTIES.

Where plaintiffs, as partners, had occupied certain premises adjoining the alleys in question for many years, and the alleys were by deed

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

appurtenant thereto, plaintiff H. owning a part of the lands, and both plaintiffs together owning the residue, and using all for the partnership business, a joint action by both plaintiffs to abate a nuisance, consisting of the obstruction of the alleys, was maintainable, though plaintiff P. had no fee title to any part of the premises.

[Ed. Note.—For other cases, see Nuisance, Dec. Dig. § 30.*]

Appeal from Trial Term, Monroe County.

Action by Frederick L. Heughes and another against the Galusha Stove Company. From a judgment for plaintiffs, and from an order denying a new trial on the minutes, defendant appeals. Reversed. See, also, 122 App. Div. 118, 106 N. Y. Supp. 606.

The controversy arises over the use of an interior court or alley in a block of lots in the city of Rochester, which court is 33 feet in width in the center of lot 16 and extending entirely across the lot, and also to the use of an alley extending easterly through lot 17 to South street. The reservation of these alleys dates back to a conveyance in 1832, which conveyed, among other lands, lots 11, 13, 16, 19, and 22, in this block, excepting "two rods in width reserved as a street or alley in the center of lot No. 16, for the benefit of the other parts of said lots above described, with the right of an alley to the public square through No. 17, as now located." The early conveyances succeeding the original deed made a similar reservation of these alleys. Some of the later deeds made no reference to them, although the boundaries of the land conveyed did not include them. The alleys, however, were open and used for many years in connection with the lots mentioned, and each owner recognized their existence and use appurtenant to these lots.

The plaintiffs are copartners, engaged in the operation of a structural steel manufacturing plant, which has been carried on for a great many years by the plaintiffs and their predecessors in interest. The plaintiff Heughes owns lots 15 and 18, fronting on South avenue, and a rectangular tract which is a part of lot 16 and facing the larger alley on the north, and immediately south of this tract the westerly half of lot 19. Together they also own the south half of lot 10, the northwesterly part of lot 16, and the southwesterly part of lot 13, east of and adjacent to lot 10, and which piece fronts on the alley. The plaintiff Heughes acquired by deed in 1890, and later, lots 15 and 18, and the tract which is the southwesterly corner of lot 16 and the westerly half of lot 19, although he and his copartners had occupied the premises as tenants long before the purchase by him. Lot 15, the south half of lot 10, and the rectangular piece in the westerly parts of lots 13 and 16 had long been used as one tract by a manufactory of agricultural implements, and came into the possession of the plaintiffs in 1890, and has since been used by them. In 1906 they acquired title by purchase, the description including 31 feet of the northerly half of the alley.

The defendant is a corporation engaged in the manufacture of stoves, and the plant also is of long standing on its present site. The original source of title was the deed of 1832 referred to, which reserved the alleys. At the time of the trial it owned the westerly part of lots 19 and 16 and northerly of the latter lot to Court street. Norman H. Galusha, the founder of the defendant, acquired title to the northerly portion of his holdings many years ago; the first conveyance bearing date April 19, 1856. In 1883 he purchased the easterly half of lot 19 and the southeasterly half of lot 16; the tract corresponding nearly in size to the adjacent lands of the plaintiff Heughes in these two lots. At the same time he purchased the alley or court north of the premises last referred to purchased by him; the deed, however, containing the following: "This conveyance is subject to any and all rights of the public in and over the premises hereby conveyed as a public highway and to any and all rights which the owners of the premises adjoining said alley may have in and over the same as a private way." The grantors had the same day conveyed to Galusha an undivided one-half of the lands south of the

easterly half of the alley. At that time the alleys were open and used in common by the contiguous owners.

The subjoined diagram may be of aid in comprehending the relative locations of the lots and alleys:

Further material facts appear in the opinion.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Eugene Van Voorhis, for appellant.
C. D. Kiehel, for respondents.

SPRING, J. It was determined by this court on a former appeal (Heughes v. Galusha Stove Co., 122 App. Div. 118, 106 N. Y. Supp. 606) that the action is one at law to recover damages for a nuisance and to procure its removal. The plaintiffs acquired the easement in the court or alley in lot 16, and also the right of ingress and egress to South street through the alley in lot 17, by deed. The defendant acquired a like easement in the same way, and each knew of their location and that they were designed for the common use of the contiguous owners. These owners for a considerable time used the alleys in common, and no controversy arose. The plaintiffs had alleys over their premises to South avenue, and after a time made little use of the alleys in dispute. The defendant and its predecessors also had a more accessible outlet to Court street from its premises, and consequently desired to close up the alleys and attach the larger one to its other premises. It claimed that the plaintiff had lost its easement in the alleys by abandonment and defendant had acquired title by adverse

user. On the trial the court directed a verdict for the plaintiffs, so far as the use pertained to the tract extending into the southwesterly part of lot 16. It submitted to the jury to determine whether the defendant had acquired title by adverse user to the alley as against the north-westerly part of lot 16 owned by the plaintiffs, and the verdict was in favor of the plaintiffs.

The title of the two tracts came from different sources, and the proof of user or nonuser, as related to the two tracts, was dissimilar and the court consequently disposed of the questions in the manner in-dicated. The defendant gave proof that more than 20 years prior to the commencement of the action it placed a gate across the entrance to the narrow alley through lot 17 and locked the same, keeping the key in its office, and thereafter there was no user by the plaintiffs, either of that alley or the wider one, except at rare intervals, when the key was loaned and permission accorded to the plaintiffs. The gate had been broken down for some time, and the defendant's manager tes-tified it was rebuilt, and assigned the reason therefor as follows:

"Father Stuart was alive at that time and lived at the side of the alley that leads into Washington Square, and he came over and was constantly complaining about disorderly characters going through there in the nighttime to the Galusha property in the alley, and he requested that I have that gate kept locked, so as to stop that, and I did so."

The defendant also claimed that the plaintiffs intentionally aban-doned any right to the use of these alleys; that there had been, many years ago, a gate opening from the tract in the southwesterly part of lot 16 into the larger alley for the use of the plaintiffs; that it was closed long prior to the commencement of the action; that the plaintiffs piled wood against it and extended their occupancy on the westerly end of lot 15 ten feet into the alley, and no access whatever was left from any part of its premises into the alley. After this claimed pur-pose to abandon any further use of the alleys, the defendant, with the knowledge of the plaintiffs, erected buildings and sheds in the alley on lot 16, and made other expenditures therein in connection with the operation of their plant.

Much evidence was offered by the plaintiffs in contravention of the testimony referred to. Many witnesses testified to the use of the al-leys down to 1890 in the carrying on of the business of the plaintiffs. No claim was made during this time of any adverse user. The plain-tiffs testified that the gate across the alley in lot 17 was erected in 1889 or 1890 in pursuance of a mutual arrangement of the parties, and each had a key to the lock. In 1898 access to South avenue was shut off, and for several weeks the plaintiffs used both alleys daily. Their evidence also tended to show that there was never any intention to abandon their right to use the alleys, and that their limited user was merely due to the fact that they possessed other means of egress to another street, and that they always paid the taxes on the alley in lot 16. Without detailing the evidence, we think on each of these propositions there was a question of fact for the jury.

Inasmuch as a new trial is to be ordered, one or two suggestions may not be amiss. In the first place, the mere fact that the plaintiffs had not used the alleys did not operate to extinguish their easement.

Welsh v. Taylor, 134 N. Y. 450, 31 N. E. 896, 18 L. R. A. 535; Smyles v. Hastings et al., 22 N. Y. 217, 224; Snell v. Levitt, 110 N. Y. 595, 602, 18 N. E. 370, 1 L. R. A. 414; Conabeer v. N. Y. C. & H. R. R. R. Co., 156 N. Y. 474, 484, 51 N. E. 402; Spencer v. Lighthouse, 114 App. Div. 591, 595, 99 N. Y. Supp. 1015. The easement was of long standing, available for many years without question, and a valuable appurtenant to the premises of the plaintiffs, and they were not required no use the same frequently, or at all, to retain their right, especially against the defendant, which was entitled to a like enjoyment of these alleys, and had full knowledge of the joint character of the easement. The plaintiffs may have had a more convenient way, or for some other reason abstained from using the alleys. A constant assertion of their right to these alleys was not necessary to enable them to maintain it. In Washburn on Real Property (volume 2 [3d Ed.] p. 313) the rule applicable to an easement by grant is thus stated:

"In the first place, there is a marked difference between easements acquired by express grant and those established by mere user. Mere nonuser in the former case, even for more than 20 years, will not destroy the right, if the owner of the servient estate does no act which prevents the use; and if acquired by prescription, the nonuser for 20 years may be explained, so as to show that the way was not abandoned, as, where the party who had the way had acquired and used a more convenient one, this was held to afford no evidence that he intended to abandon the first whenever he might have occasion to use it again. A mere nonuser for any time less than 20 years does not amount to an abandonment of the right, however the same may have been acquired."

In the second place, in order to establish an abandonment, there must be definite, unequivocal acts shown, declaratory of a clear purpose to cease forever any use or interest in the alleyways. Hennessy v. Murdock, 137 N. Y. 317, 33 N. E. 330; this strict rule must obtain, as one may lose his right to the enjoyment of an easement by abandonment for a much less time than is required to extinguish his interest by adverse possession. The defendant claimed it was induced to erect the buildings on the larger alley and appropriate it because the plaintiffs' acts denoted an intention to renounce any right therein. Nonuser may be a circumstance, in this aspect of the case, bearing upon the purpose of the plaintiffs in obstructing their own access to the alley. Nonuser, adverse possession, and acts which may be construed as indicating a purpose to relinquish, are usually intermixed, and for that reason the questions of adverse possession and abandonment should be submitted to a jury. White's Bank v. Nichols, 64 N. Y. 65, 74. If the erection of the buildings and the appropriation of the premises by the defendant were in the exercise of its enjoyment of the easement acquired by grant in common with the plaintiffs, then it gained no advantage or exclusive title thereby. Presumptively such was the purpose. If this possession of the defendant was permitted because the plaintiffs had no immediate use for the alleys and without the intention of relinquishing them, there was no abandonment and no adverse user. The adverse possession, in view of the common ownership of the alleys, in order to be effective, must be open, unequivocal, continuous, and equivalent to an ouster of the plaintiffs, and ap-

# 114

parent to them that such was the purpose of the user and incompatible with the possession which it held in common with the plaintiffs.

We are not passing upon the weight of the evidence on any of the propositions referred to. They should be submitted to the jury.

We think the action is maintainable in its present form, even though the plaintiff Peiffer has no fee title to a part of the premises. Bly v. Edison El. Ill. Co., 172 N. Y. 1, 64 N. E. 745, 58 L. R. A. 500. The plaintiffs have been in occupancy of the premises for many years, carrying on the manufacturing business as copartners, and the alleys are by deed appurtenant to the premises, and they are both interested in the abatement of the alleged nuisance. The plaintiff Heughes owns a part of these lands, together they own the residue, and all are used for the copartnership business.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event.

Judgment and order reversed, and new trial granted, with costs to the appellant to abide event. All concur.