KELLY v. PENFIELD et al.

(Supreme Court, Special Term, Westchester County. April 27, 1910.)

1. DEDICATION (§ 47*)—STREETS—SALE OF LAND.

Where an owner of land lays it out into lots with intersecting streets and sells the lots with reference to the streets, his grantees or successors may not thereafter be deprived of the benefit of having the streets kept open, but they have the right to have the condition as to streets remain the same as when the lots were purchased, provided the streets are not too remote.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. § 113; Dec. Dig. § 47.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. DEDICATION (§ 19*)—STREETS—REFERENCE TO MAPS—SALES.

    Descriptive pamphlets advertising the sale of lots located near the boundary line of two towns, contained a map showing an open street with which a lot purchased by a purchaser was directly connected with a short street, and the open street connected with a third street, which led to a street in the other town. The deed to the purchaser referred to a map filed with the register of deeds showing the streets. The third street was necessary to enable the purchaser to reach the street in the other town without going on streets in the opposite direction. *Held*, that the third street was, as between the parties, dedicated as a public street, and the purchaser could recover damages for obstructions therein.

    [Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 35-47; Dec. Dig. § 19.*]

Action by Richard Kelly against James T. Penfield and another. Judgment for plaintiff as against defendant James T. Penfield, and complaint dismissed as to Minnie Penfield.

See 133 App. Div. 367, 117 N. Y. Supp. 379.

Early,. Weaver & Early, for plaintiff.
Henry T. Smith, for defendant James T. Penfield.
William T. Tomilson, for defendant Minnie Penfield.

MORSCHAUSER, J. The defendant James T. Penfield's father, George J. Penfield, was the owner of a tract of land in New York City near the Mt. Vernon line and in 1889 parceled the same into lots and laid out streets. In the division of the George J. Penfield estate, the defendant became the owner of lots 97, located on Sound View Place, 78 A and 78 B, located on Disbrow Place, 78 C and 78 D, located on South Fourteenth avenue, and 248, located on East 242d street. Nearly all the remaining lots of the tract so laid out were owned by William W. Penfield, defendant's brother, and Susan A. Penfield, defendant's half-sister. About 10 days before the sale, the defendant purchased of Sarah Moran the lot extending from the city line north to the southerly side of South street, over which it was alleged Disbrow Place was extended. Mrs. Moran was a Miss McLaughlin, and her father owned this property for a long time. The Moran lot was not a part of the Penfield tract of land. All these lots owned by the Penfields were advertised for sale by descriptive pamphlets, containing two maps showing the lots by number and streets. At the advertised sale the plaintiff purchased lot No. 97 on the west side of Sound View Place, which street did not extend to South street. Nearly opposite plaintiff's lot was a street marked on the maps as "Warner Place," running at right angles from this lot easterly one block, or about 200 feet to another short street of two blocks in length, running parallel with Sound View Place and marked on the map as "Disbrow Place." One of the maps showed this last street as running at its northerly end to a street shown on the map as "South street," over the city line into Mt. Vernon; this map showing more in detail the tract and its surroundings. The other map was more restricted in details and showed the general location of the tract, but Disbrow Place was not shown to open into South street. The deed to plaintiff referred to a map on file in the office of the register of deeds in New York City, showing the lots sold and also Disbrow Place as running

into South street. The location of the defendants' lots and the lot plaintiff purchased and the location of Warner Place and Disbrow Place, with their surroundings, may be more clearly understood by reference to the following diagram:

97 A/B represents the plaintiff's purchase at the sale of Penfield lots at auction on May 26, 1906. C represents Disbrow Place intersecting South street. E represents South Fourteenth avenue. F represents East 242d street connecting with South Fourteenth avenue. The next street on the west of Sound View Place is Baker avenue, running into South street. The lots owned by defendant James T. Penfield are marked "P." The defendant closed up Disbrow Place north of Warner Place through to South street, building a house thereon at the northerly end. Plaintiff seeks to enjoin him.

Under the circumstances, I believe the plaintiff was justified in believing that the map which showed the extension of Disbrow Place was a correct representation of the locality, and that the conditions existed there as shown on this map. It showed all the details of the tract and the surroundings as the lots and streets were laid out, and plaintiff had a right to rely on it. Disbrow Place was not a remote street from plaintiff's lot so as not to depend upon it for egress to South street, and by connection with Warner Place South street was easily accessible. It is plaintiff's right to have the condition as to streets, where it appears they are not too remote, remain the same as when he purchased the premises. It cannot be said in this case that plaintiff's lot was not materially injured by the closing of Disbrow Place.

"It is an indisputable fact that the value of city lots is enhanced by the opening of streets, avenues, and public squares in the vicinity of such lots, although the lots do not bound upon such street, avenue, or public square." Wyman v. Mayor, etc., of New York, 11 Wend. 497.

In Lord v. Atkins et al., 138 N. Y. 184, 191, 33 N. E. 1035, 1037, it is stated:

"It is well settled that when the owner of land lays it out into distinct lots, with intersecting streets or avenues, and sells the lots with reference to such streets, his grantees or successors cannot afterwards be deprived of the benefit of having such streets kept open. * * *" Story Case, 90 N. Y. 145, 43 Am. Rep. 146; Trustees, etc., v. Cowen, 4 Paige, 510; Wyman v. Mayor, 11 Wend. 487; Bissell v. N. Y. C. & H. R. Ry., 23 N. Y. 61; White's Bank, etc., v. Nichols, 64 N. Y. 65; Taylor v. Hopper, 62 N. Y. 649; Huttemeier v. Albro, 18 N. Y. 48.

This language is adopted by Mr. Justice Willard Bartlett in Reis v. City of New York, 188 N. Y. 58–70, 80 N. E. 573. Also citing from this last case (page 71 of 188 N. Y., page 577 of 80 N. E.):

"In Matter of Twenty-Ninth Street, 1 Hill, 191, Bronson, J., said: 'He could have intended nothing less by his deeds than a declaration that Twenty-Ninth street was, and, so far as he was concerned, should remain, a public highway. I do not say that this dedication will extend to all his lands in the site of the street, however remote from the lots sold; but it will, I think, extend to all his lands in the same block, or, in other words, to the next cross street or avenue on each side of the lots sold. The parties must have contemplated an outlet both ways.'"

The learned Court of Appeals, construing the Reis Case, said:

"Under the recent decision of this court the grantees of the various lots on the map of the Buckhout farm acquired private easements in the streets shown on that map only to the extent of the block in front of their respective

lots and such other parts of the streets as might be necessary to obtain access to a public highway." Matter of Mayor, etc., 188 N. Y. 581, 80 N. E. 1109.

The defendant's counsel contends that, if plaintiff had any right at all, it was only a private right of way. That is not so. In re Eleventh Avenue, 81 N. Y. 446. Disbrow Place, as between the parties, was dedicated by Penfield as a public street. Taylor v. Hopper, 62 N. Y. 649; Kerrigan v. Backus, 69 App. Div. 329, 74 N. Y. Supp. 906.

The learned Appellate Division, in reversing the former judgment in this case on appeal (133 App. Div. 367, 117 N. Y. Supp. 379), said:

"If the defendant's house be built, and it be inequitable to make him take it down, the plaintiff, whose lot is vacant, should get other relief as by way of damages, or that his lot be taken by the defendant at a valuation to be fixed by the court, as an alternative."

The plaintiff's lot is vacant, and the defendant's house is built, and it would be inequitable to make him take it down, and the plaintiff should get relief by way of damages or his lot taken by the defendant James T. Penfield.

I find the value of the plaintiff's lot to be $1,725. I find by the closing of Disbrow Place by defendant James T. Penfield that the lot was damaged in the sum of $575. The plaintiff is entitled to $575 damages, or that his lot be taken by the defendant James T. Penfield for the sum of $1,725. This is in accordance with the opinion of the Appellate Division. The plaintiff is entitled to costs against James T. Penfield.

The complaint as to Minnie Penfield should be dismissed, without costs. Settle findings on notice.