MARTIN T. WILLIAMSON and Others, Plaintiffs, *v.* CHARLES SALMON, Defendant.

(Supreme Court, Monroe Special Term, December, 1918.)

Easements — when easement cannot be defeated by non-user — what covers an easement in a proposed street — highways — deeds.

Upon a conveyance by lot number according to a map on file in the county clerk's office, there is an implied easement in the street fronting the block in which the lot is located and such parts of other streets as may be necessary to afford access to a public highway.

Where a plot is designed for summer residences such a conveyance covers an easement in a plot connected with the proposed street bounding the shore of a lake which is a public highway and marked " Beach " to the full width shown on the map, and also an easement in the proposed street connecting this block and the street upon which the lot is situated, with a public highway.

Supreme Court, December, 1918.     [Vol. 105.

Where the conveyance was made without reference to obstructions existing at the time of the conveyance, such easements cannot be defeated thereby, nor by mere non-user from which an intention to abandon may not be found.

ACTION to establish easement and to remove encroachments.

Sutherland & Dwyer (A. E. Sutherland, of counsel), for plaintiffs.

J. Frank Morse (Eugene Van Voorhis, of counsel), for defendant.

RODENBECK, J.   The plaintiff acquired an easement not only in the street upon which his lot fronts but in Beach avenue to the full width shown upon the map according to which the conveyance was made and also in the 150 foot plot.   The conveyance calls for a lot on Bietry Beach park of certain dimensions according to a map which shows the 150 foot plot designated on its north line as Bietry Beach.   The Bietry Beach park referred to in the conveyance to the plaintiff does not stop at Beach avenue but extends northerly so as to include the 150 foot plot.   The lines of Bietry Beach park which widen toward the lake show an intention to provide the open space shown on the map and labeled Bietry Beach as a part of the park for the use of the plaintiff and other lot owners and as a means of access to Lake Ontario, a public highway.   The laying out of Beach avenue as shown on the map according to which the lot of plaintiff was sold also constitutes a dedication for his use and that of other lot owners in the tract.   The defendant in laying out this tract into streets and lots attracted purchasers by the manner in which he had laid it out and particularly by the fact that he had indicated a plot of ground fac-

ing on the lake marked " Bietry Beach " which could be used by the owners of lots and thereby undoubtedly received an enhanced value for his lots. He can not limit the use of the 150 foot plot or of Beach avenue without depreciating the value of plaintiff's and other lots and this should be the rule for determining whether or not a person has any relief where a plot of ground is laid out into streets and lots and conveyances are made by reference thereto. The grantor should not be permitted to close any of the streets where a substantial damage would be caused thereby to the owner of any lot irrespective of the distance of the street from the lot in question. A street in a tract may be so remote as not to cause any damage to the lot and in such cases it is obvious that it may be closed but where it is so situated that it substantially depreciates the value of the lot, the grantor should not be permitted to change his map. Any other construction might lead to serious and absurd results. The rule applicable to disputes between grantors and grantees must not be confused with cases where the public interest is involved, such as the acquisition of land for public streets or the closing of public streets, in which cases the arbitrary and artificial rule of necessary access seems to have grown up which oftentimes deprives an owner of substantial damages which are occasioned to his property. This rule should be abolished and should not be extended to apply to private controversies between individuals. A party who sells a lot according to a map should be held to his implied covenant of an easement in all of the streets and parks shown on the map so far as their existence adds to the value of the property sold. *Wyman* v. *City of New York,* 11 Wend. 486; *Tibbits* v. *Cumberson,* 39 Hun, 456; *Kerrigan* v. *Backus,* 69 App. Div. 329; *Kelly* v. *Penfield,* 67 Misc. Rep. 272; 133 App.

Div. 367; *Child* v. *Chappell,* 9 N. Y. 246, 257; *Taylor* v. *Hopper,* 2 Hun, 646; 62 N. Y. 649. The case of *Lord* v. *Atkins,* 138 N. Y. 184, and similar cases confirm the easement in Bietry Beach park to the lake shore including the 150 foot plot, and the cases of *Reis* v. *City of New York,* 188 N. Y. 58, and *Aschenbrenner* v. *City of New York,* Id. 581, also support this easement and the easement in Beach avenue as a convenient and necessary outlet to public highways.

This conclusion is not affected by the obstructions which were placed along Beach avenue and through the 150 foot plot. They were in existence when the defendant conveyed the lot and if he desired to narrow his conveyance he should have so specified. *Haight* v. *Littlefield,* 147 N. Y. 338, 342.

There was no loss of the easement by prescription. *Welsh* v. *Taylor,* 134 N. Y. 450; *Heughes* v. *Galusha Stove Co.,* 133 App. Div. 814, 819. Mere non-user will not defeat the easement. *Welsh* v. *Taylor, supra; Snell* v. *Levitt,* 110 N. Y. 595; *Heughes* v. *Galusha Stove Co., supra.* There is no evidence of an intention to abandon the easement sufficient to defeat it. *Heughes* v. *Galusha Stove Co., supra.*

The plaintiff is entitled to a decree as prayed for with costs.

Judgment accordingly.