MARGARET S. SEAMANS, Respondent, *v.* GULF REFINING COMPANY, Appellant.

Second Department, December 19, 1932.

*Charles H. Street*, for the appellant.

*Ernest E. Wheeler [Howland O. Walter* with him on the brief], for the respondent.

DAVIS, J.   The judgment should be modified in certain respects, in the exercise of discretion only, and without a determination of the ultimate rights of the plaintiff in the street known as Industrial place or other streets on the map.   The plaintiff purchased her lots with reference to a recorded map showing many streets.   We may assume that her right to use the streets designated was an inducement for her purchase.   She has not built on her lots, and her right to use streets is almost entirely an abstract one at present.   Nor does it appear that others have built houses on this development. Therefore, the interference with traffic by the defendant in obstructing in part one of the cross streets is without practical intrusion on the present right of the plaintiff to travel thereon and gives her no right to an injunction in regard to Industrial place, for she has no reasonable occasion to travel over it.

We are speaking of present conditions.   It may be that owners will build on their lots in the future and demand the right of free access to the homes of others for social or trade purposes.   They will perhaps desire that the public shall have the right to visit them for the same reasons.   May the original owner who recorded the map, or its grantees like the defendant, be free to close many of the streets subject to no legal consequences?   The question remains open and unsettled as to streets remote from a particular lot. (*Erit Realty Corp.* v. *Sea Gate Assn.*, 249 N. Y. 52, 57; Tiffany Real Prop. [2d ed.] § 366.)   But as to an arterial street like Hampton road, already partly paved, we think when plaintiff has built on her lots, she and her grantees will have not only the right to use that street, but the right of convenient access thereto by at least one or two cross streets.

The agreement on the part of the original owner of the development to grade and pave the streets and lay sidewalks, and to cause

water and gas mains and electric lights to be installed, together with restrictive covenants as to buildings in the deeds, indicates a purpose with notice to defendant (an industrial or commercial corporation) that this plat was intended to be a high class residential development. The purchasers, therefore, acquired some substantial rights in the streets designated on the map which they might have occasion to use. (*Lord* v. *Atkins*, 138 N. Y. 184, 191; *Kerrigan* v. *Backus*, 69 App. Div. 329; *Gailey* v. *Wilkinsburg Real Estate Trust Co.*, 283 Penn. St. 381; Elliott Roads & Streets [2d ed.], §§ 18, 114, 117–119; Jones Easements, §§ 241, 247, 248.) This right as against the grantor is essentially different from that against the public authorities acting under statutory permission to open or close streets. (*Tibbits* v. *Cumberson*, 39 Hun, 456, 460; *Williamson* v. *Salmon*, 105 Misc. 485, 487; affd., 196 App. Div. 922; 233 N. Y. 657.)

As we have said, the plaintiff's right to use the street partially closed is largely abstract; and she is not entitled to remedy by injunction. If relief were to be furnished at this time, it would be in the form of damages. (*Baily* v. *Hornthal*, 154 N. Y. 648; *McClure* v. *Leaycraft*, 183 id. 36.) This relief she did not ask, nor was the trial court requested by either party to give alternative relief. Equitable relief to the extent indicated should have been denied under the circumstances. (*McCann* v. *Chasm Power Co.*, 211 N. Y. 301, 305.) The parties are bound only by the terms of the present judgment. Otherwise their ultimate rights, both as to injunction and damages, are left open to depend on future events and contingencies.

The judgment should be modified in respect to limiting injunctive relief and without determining ultimate rights in the following particulars: (1) By striking from the first decretal paragraph thereof the words beginning with " and easements of way " and ending with " as public highways " and by adding in place thereof the words " notwithstanding that said street is not in actual use as a public highway; " (2) by striking therefrom the second decretal paragraph and by inserting in place thereof the following: " That defendant, Gulf Refining Company, be and it hereby is perpetually enjoined from erecting or continuing to erect or maintain buildings or other structures in the bed of Columbus Avenue, Oceanside, in the Town of Hempstead, County of Nassau, and from in any way obstructing or preventing plaintiff, her agents or assigns, from passing over or using the right of way over said street; except as to certain pipe lines existing in the bed of said Columbus Avenue and which do not interfere with plaintiff's surface easement in said street, the

maintenance of which is not enjoined." As so modified the judgment should be affirmed, without costs.

HAGARTY and CARSWELL, JJ., concur; SCUDDER, J., with whom YOUNG, J., concurs, dissents in part, with a separate opinion.

SCUDDER, J. (dissenting in part). Plaintiff purchased lots described by lot and block numbers upon a filed map. Subsequently the defendant purchased a number of lots shown upon the same map and built a warehouse and office building which partially encroached upon one of the streets shown on the map as Industrial place. Plaintiff seeks to restrain defendant from maintaining such buildings in the bed of the street, claiming that her right of easement is impaired and that her lots are damaged thereby. The fact that the land is low and marshy and that many of the streets shown on the map are not developed and are impassable, including Columbus avenue, upon which plaintiff's lots front, is immaterial. The question is whether or not plaintiff has a right of easement in and over Industrial place sufficient to support her claim to an injunction, while at the same time her right to an easement in the full length of Columbus avenue is conceded. In both directions on Columbus avenue, her right of access is unimpeded. Furthermore, she has access to cross streets lying north of her lots and leading to Hampton road. Industrial place is the only cross street lying south of her lots and between her lots and a salt water channel. I cannot distinguish the present case from *Reis* v. *City of New York* (188 N. Y. 58), where it was held that the purchaser of lots shown upon a filed map does not acquire an easement in all the streets shown upon the map. It was said (p. 72): "The condition is complied with if there is access to a cross street in each direction. This seems to be as far as the doctrine of dedication by sale with reference to a plat or map has been carried by the courts of this State, although a broader rule prevails in some jurisdictions." Inasmuch as plaintiff has direct access to arterial highways, both land and water, via Columbus avenue, I think she " has not been deprived of any private easement to which she became entitled by reason of her purchase with reference to the * * * map." (*Reis* v. *City of New York, supra,* p. 73.) This court held in *Nichols Copper Co.* v. *Connolly* (208 App. Div. 667, 676; affd., 240 N. Y. 596) that " the law in this State is quite different from that in other States. In this State a grantee of property abutting on a street does not acquire an implied easement on any street other than that on which he abuts, and on that street only to the next intersecting streets. In other words, it is really an easement of access." The Court of Appeals restated the same principle in

*Matter of City of New York (East 177th St.)* (239 N. Y. 119, 131) and in *Matter of City of New York (Sedgwick Ave.)* (213 id. 438, 444). I am constrained to base my conclusion squarely upon the authorities above cited. I, therefore, hold that the judgment should be modified by striking therefrom the provision giving plaintiff an easement in Industrial place, and by providing for an easement in Columbus avenue in the language proposed by a majority of my associates in this court.

YOUNG, J., concurs.

Judgment modified in respect to limiting injunctive relief and without determining ultimate rights in the following particulars: (1) By striking from the first decretal paragraph thereof the words beginning with " and easements of way " and ending with " as public highways " and by adding in place thereof the words " notwithstanding that said street is not in actual use as a public highway; " (2) by striking therefrom the second decretal paragraph and by inserting in place thereof the following: " That defendant, Gulf Refining Company, be and it hereby is perpetually enjoined from erecting or continuing to erect or maintain buildings or other structures in the bed of Columbus avenue, Oceanside, in the Town of Hempstead, County of Nassau, and from in any way obstructing or preventing plaintiff, her agents or assigns, from passing over or using the right of way over said street; except as to certain pipe lines existing in the bed of said Columbus avenue and which do not interfere with plaintiff's surface easement in said street, the maintenance of which is not enjoined." As so modified the judgment is affirmed, without costs. Finding of fact No. 21 and those parts of conclusions of law Nos. 1 and 2 which refer to Industrial place are stricken out.